**In the Matter of Dwight L. LIEB, Debtor (Two Cases).**

**Nos. 89–5674, 89–5693.**

United States Court of Appeals, Fifth Circuit.

Oct. 25, 1990.

Rehearing Denied Dec. 13, 1990.

---

H. Rey Stroube, III, S. Shawn Stephens, Akin, Gump, Strauss, Hauer & Fled, Houston, Tex., for Thomson,

Law Offices of Jack Paul Leon, San Antonio, Tex., Susman & Godfrey, Houston, Tex., R. Laurence Macon, R. Glen Ayers, Jr., Cox & Smith Inc., San Antonio, Tex., for Tillman and Tilcorp.

John H. Tate, II, Raymond W. Battaglia, Oppenheimer, Rosenberg, Kelleher & Wheatley, Inc., Stephen Mark Murray, Murray, McClenahan & Sparr, San Antonio, Tex., Shelby A. Jordan, Corpus Christi, Tex., for Lieb.

Steven P. Shreder, Claiborne B. Gregory, Jr., Gresham, Davis, Gregory, Worthy & Moore, San Antonio, Tex., for City Savings and Walzem Service Corp.

Before JONES, DUHÉ, and WIENER, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Frederick L. Thomson, Paul J. Tillman, individually and as trustee, and Tilcorp, Inc. appeal from an amended order entered by the United States District Court for the Western District of Texas on December 1, 1989. The court's order temporarily restrained appellants from taking certain actions with respect to common stock that was the subject of an ongoing adversary proceeding in bankruptcy court between appellants and appellee Dwight L. Lieb. The order also set aside the court's

**182**

previously imposed stay of the bankruptcy proceedings; severed Lieb's claims for injunctive relief; denied appellants' motion to withdraw the reference to the bankruptcy court as to the severed claims; and directed that the severed claims and application for a preliminary injunction be tried in the bankruptcy court. The court's order appeared to reaffirm that it would withdraw the reference and try several non-severed claims asserted by Lieb. Having concluded that no portion of the order appealed from is an "injunction" for purposes of 28 U.S.C. § 1292(a)(1), or is "final" for purposes of 28 U.S.C. § 1291, we dismiss the appeal for want of jurisdiction.

This appeal had its genesis in a dispute between the parties about the ownership of common stock amounting to a controlling interest in CitySavings & Loan Association and related entities in San Antonio, Texas. Dwight L. Lieb, seller of the stock, filed an action against appellants, the buyers, in the district court of Bexar County, Texas. Lieb subsequently filed a voluntary petition under Chapter 11 of the Bankruptcy Code in federal district court. Pursuant to 28 U.S.C. § 157(a) and local rules, the bankruptcy case was automatically referred to the United States Bankruptcy Court for the Western District of Texas.[1] In that forum, Lieb filed an adversary proceeding against appellants and others. Eventually, the state court action was removed to the bankruptcy court and consolidated with the adversary proceeding.

Appellants thereafter filed various motions with the district court, seeking to withdraw the reference pursuant to 28 U.S.C. § 157(d), to stay proceedings in the bankruptcy court, and to dismiss Lieb's action pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). The district court initially granted the motion to stay proceedings in the bankruptcy court. Later, on November 21,

1989, Lieb filed with the district court an emergency motion for a temporary restraining order, seeking to enjoin appellants from taking certain actions with respect to the common stock of CitySavings. The district court entered an order the following day granting the motion and ruling on several other matters in the case. On December 1, 1989, the court on its own initiative entered an amended order effective the date of the original order. The amended order was identical to the original but for deletion of a paragraph mandating that certain of Lieb's claims be tried without a jury.

Appellants filed notices of appeal and petitions for writs of mandamus with respect to both orders. We denied the mandamus petitions and consolidated the two appeals. In their brief on the merits, appellants have defended their Seventh Amendment right to a jury trial on Lieb's claims and have raised serious constitutional challenges to the power of bankruptcy judges not appointed under Article III of the Constitution to preside over jury trials. On our own initiative, we questioned the jurisdictional basis of the appeals. After studying the parties' supplemental briefs and applicable law, we are unable to find any such basis.

■ Initially, we note that the district court's amended order effectively withdrew and replaced the original order. As noted, the two orders differed in only one respect: the amended order deleted a provision of the original that would have required certain of Lieb's claims to be tried, contrary to the demands of appellants, without a jury. As we interpret it, this sole amendment favored appellants by leaving open the question of their right to a jury trial of certain claims, and we trust that neither the bankruptcy court nor the district court will rely on the original order to avoid

---

**1.** Section 157(a) of Title 28 provides: "Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for that district." Local Bankruptcy Rule 1001(f) of the Western District of Texas automatically refers all such cases to the local bankruptcy court. Regardless of the automatic reference, "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d).

ruling on appellants' jury demand. Because appellants have alleged no prejudice from the change, we consider only the amended order in our disposition of the appeal.

## I.

## TEMPORARY RESTRAINING ORDER

The first operative portion of the district court's order granted Lieb's emergency motion for a temporary restraining order. It provided that the restraint was to continue for no more than nine days, during which time the bankruptcy court was to hold a hearing on Lieb's application to continue the restraining order into a preliminary injunction or to obtain other appropriate injunctive relief. Appellants claim that we may review this temporary restraining order under 28 U.S.C. § 1292(a)(1), which grants this court jurisdiction of appeals from "[i]nterlocutory orders of the district courts of the United States ... granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions."

■ A temporary restraining order, however, does not qualify as an "injunction" under this section. *See Overton v. City of Austin,* 748 F.2d 941, 949 (5th Cir.1984). This court has long held that the denial of an application for a temporary restraining order is not appealable. *Burroughs v. Wallingford,* 780 F.2d 502, 503 (5th Cir. 1986) (per curiam); *accord Office of Personnel Mgt. v. American Fed'n of Gov't Employees,* 473 U.S. 1301, 1303–04, 105 S.Ct. 3467, 3468–69, 87 L.Ed.2d 603 (Burger, Circuit Justice), *stay denied,* 473 U.S. 923, 106 S.Ct. 11, 87 L.Ed.2d 674 (1985). Other courts of appeals consistently have held that the grant of such an order is likewise not appealable. *See, e.g., San Francisco Real Estate Investors v. Real Estate Inv. Trust of Am.,* 692 F.2d 814, 816 (1st Cir.1982); *General Motors Corp. v. Gibson Chem. & Oil Corp.,* 786 F.2d 105,

108 (2d Cir.1986); *Professional Plan Examiners of N.J., Inc. v. LeFante,* 750 F.2d 282, 287 (3d Cir.1984); *McDougald v. Jenson,* 786 F.2d 1465, 1472 (11th Cir.), *cert. denied,* 479 U.S. 860, 107 S.Ct. 207, 93 L.Ed.2d 137 (1986); *see generally* 16 C. Wright, A. Miller, E. Cooper & E. Gressman, *Federal Practice and Procedure* § 3922, at 31 & n. 10 (1977 & Supp.1990).

The rule prohibiting appeals from the grant or denial of a temporary restraining order likely has its basis in concerns about mootness. Such an order must by its terms expire within ten days of issuance. Fed.R.Civ.P. 65(b). In the ordinary case, the order will have no effect after this period. Because the normal time span of an appeal is measured in months rather than days, the order would be moot long before it could be reviewed. This case provides a good example of a moot temporary restraining order. The district court's order was effective November 22, 1989, for no more than nine days, or until December 1, 1989. At that point, more than nine *months* ago, appellants were free of any restraint imposed by the district court on what they could do with the stock of CitySavings. In their merits brief, appellants have not asserted otherwise; indeed, they do not even mention the merits of the temporary restraint. This portion of the district court's order is not appealable.

## II.

## WITHDRAWAL OF THE REFERENCE

The second operative portion of the district court's order "severed" certain of Lieb's claims against appellants, directing that they "continue as separate actions in the Bankruptcy Court." As to the severed claims, the order denied appellants' motion to withdraw the reference from the bankruptcy court. Appellants ask us to review the merits of these rulings either under 28 U.S.C. § 1291, which grants jurisdiction of "all final decisions" of district courts, or under the *Cohen* collateral order doctrine, *see Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). We hold that this portion of the district court's order is neither final nor collateral.

■ We consider first the denial of the motion to withdraw the reference. The statute authorizing withdrawal allows district courts to withdraw a proceeding "in whole or in part." The instant order denies withdrawal "in part," although it is not entirely clear whether in so doing the court denied appellants' motion to withdraw the reference as to Lieb's other claims. This ambiguity is unimportant, however, because the appealability of withdrawal orders has received much consideration in the courts of appeals: they have uniformly construed a district court's "decision to withdraw a reference or to refuse such a withdrawal [as] interlocutory and non-reviewable." *In re Powelson*, 878 F.2d 976, 979 (7th Cir.1989). These courts include the Second, Third, Seventh, Ninth, Tenth, and Eleventh Circuits. *See In re Chateaugay Corp.*, 826 F.2d 1177, 1179–80 (2d Cir. 1987); *In re Pruitt*, 910 F.2d 1160, 1165–66 (3d Cir.1990); *In re Moens*, 800 F.2d 173, 175–76 (7th Cir.1986); *In re Kemble*, 776 F.2d 802, 805–06 (9th Cir.1985); *In re Dalton*, 733 F.2d 710, 714–15 (10th Cir.1984), *cert. dismissed*, 469 U.S. 1185, 105 S.Ct. 947, 83 L.Ed.2d 959 (1985); *In re King Memorial Hosp., Inc.*, 767 F.2d 1508, 1510 (11th Cir.1985) (per curiam).

This precedent is consistent with other lines of case authority. The Supreme Court has defined a final decision as "one which ends the litigation on the merits and leaves nothing to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). A district court's decision whether or not to withdraw a proceeding from the bankruptcy court does not end the litigation, but rather involves the selection or designation of the forum in which the merits will be finally determined. Such a decision is analogous to an order granting or refusing transfer of venue from one district court to another or an order granting or refusing referral of a matter to a magistrate. None of these orders is "final" for purposes of 28 U.S.C. § 1291. *See Kemble*, 776 F.2d at 806; *Dalton*, 733 F.2d at 714–15.

Even if a decision is not "final," it might be appealable if it is a "collateral order." To satisfy this "narrow exception" to the final judgment rule, "an order must at a minimum satisfy three conditions: It must 'conclusively determine the disputed question,' 'resolve an important issue completely separate from the merits of the action,' and 'be effectively unreviewable on appeal from a final judgment.'" *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 431, 105 S.Ct. 2757, 2761, 86 L.Ed.2d 340 (1985) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457–58, 57 L.Ed.2d 351 (1978)). Orders granting or denying motions to withdraw a proceeding from the bankruptcy court do not fall within this narrow exception. These orders do not satisfy the third condition, because they are indeed reviewable on appeal after final judgment.[2]

In this case, if appellants do not prevail in their defense against Lieb's claims in the bankruptcy court, they may challenge the withdrawal order if and when they appeal the final judgment against them. When the appeal reaches our court, we will measure the propriety of the district court's order denying withdrawal against the "general principles" that we articulated in *Holland America Insurance Co. v. Succession of Roy*, 777 F.2d 992, 998–99 (5th Cir.1985). Consistent with that opinion, we can then give due weight to the constitutional considerations so vigorously urged by appellants, including the integrity of Article III courts' jurisdiction and the protection of the right to jury trial. If the denial of withdrawal turns out to have constituted error constitutional or otherwise, we would not hesitate to remand for a new trial in the proper forum.

Appellants complain that remanding the case for a second trial in a different forum would tax heavily both judicial and private resources. We are sympathetic with this

---

**2.** The same six appellate decisions that construed withdrawal orders as interlocutory and non-appealable also decided that these orders do not fit within the *Cohen* collateral order exception. Four of these—*Chateaugay, Pruitt, Moens,* and *King Memorial*—concluded that withdrawal orders could be reviewed after final judgment.

complaint; however, the *possibility* of a second trial must be weighed against the *certainty* of the cost and delay attending an interlocutory appeal such as this one. In addition, the burden imposed by our decision not to review withdrawal orders prior to final judgment is no more severe than the burden imposed by the final judgment rule as it applies to other interlocutory orders. In *Richardson–Merrell*, the Supreme Court held that an order disqualifying counsel in a civil case did not fit within the collateral order exception. The Court acknowledged the financial hardship resulting from erroneous interlocutory rulings, but concluded that "the possibility that a ruling may be erroneous and may impose additional litigation expense is not sufficient to set aside the finality requirement imposed by Congress." 472 U.S. at 436, 105 S.Ct. at 2764.

### III.

### SEVERANCE

■ As appellants conceded in oral argument, the court's severance of Lieb's claims is not itself a final order. The statute authorizing withdrawal of the reference allows a district court to withdraw a proceeding "in part," implying that a "severance" of Lieb's claims is nothing more than a necessary and appropriate feature of partial withdrawal. To some extent, the severance is analogous to an order under Fed.R.Civ.P. 42(b) (as applied to adversary proceedings in bankruptcy by Bankr.R. 7042), which allows a district court to order separate trials of different claims pleaded in a single complaint. Such orders are themselves interlocutory and non-appealable before final judgment. *Helene Curtis Indus., Inc. v. Church & Dwight Co.*, 560 F.2d 1325, 1335 (7th Cir.1977), *cert. denied*, 434 U.S. 1070, 98 S.Ct. 1252, 55 L.Ed.2d 772 (1978); *In re Master Key Antitrust Litig.*, 528 F.2d 5, 14 (2d Cir.1975); *cf. NAACP of La. v. Michot*, 480 F.2d 547, 548 (5th Cir. 1973) (per curiam) ("An order denying consolidation [under Fed.R.Civ.P. 42(*a*) ] is not a final appealable order.").

According to appellants, the severance of Lieb's claims will result in two separate

trials of identical issues of fact, one in the district court before a jury and one in the bankruptcy court before a factfinder yet to be determined. It is premature to speculate just how the severance will affect the further progress of this proceeding. Nevertheless, we have no doubt that the courts below will heed the command of *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959), and make certain that appellants' Seventh Amendment right to jury trial of "legal" claims is not lost by a prior determination of "equitable" claims. The Supreme Court unanimously reaffirmed *Beacon Theatres* just this year in *Lytle v. Household Manufacturing, Inc.*, —— U.S. ——, 110 S.Ct. 1331, 108 L.Ed.2d 504 (1990). If and when the threat to their Seventh Amendment rights becomes concrete, appellants may seek appropriate remedies at that time.

### IV.

### LIFTING OF STAY

■ The district court's order also lifted a previously entered stay of the adversary proceeding in the bankruptcy court. Stays of bankruptcy proceedings pending the determination of motions for withdrawal are authorized by Bankr.R. 5011(c). We hold that a court's grant or denial of such an ancillary stay, or its order terminating the stay if the motion is denied, is, like the withdrawal decision itself, not appealable under 28 U.S.C. § 1291. In this case, the district court stayed the adversary proceeding in the bankruptcy court while it considered appellants' motion to withdraw that proceeding. Once the district court denied that motion in part, it was necessary to lift the stay in part in order to allow the proceeding to continue in the bankruptcy court. It would be anomalous to allow an interlocutory appeal from the latter decision while barring an appeal from the former. We decline to create such an anomaly.[3]

■ Because no part of the district court's order is appealable, we need not consider appellants' theory of "pendant [sic] appellate jurisdiction," which is asserted to provide appellate jurisdiction over all

3. A stay pending a motion for withdrawal is to     be distinguished from the automatic stay of

portions of a district court's order when only a single portion was independently reviewable. Appellants alternatively seek relief under 28 U.S.C. § 1651, the All Writs Act. In this circuit, mandamus relief may be available to gain appellate review of bankruptcy orders that are otherwise non-appealable. *See, e.g., In re Barrier,* 776 F.2d 1298 (5th Cir.1985) (per curiam). Moreover, that a motions panel of our court has summarily denied mandamus relief does not preclude reconsideration of the issue following assignment to the oral argument docket. *See Key v. Wise,* 629 F.2d 1049, 1054–55 (5th Cir.1980), *cert. denied,* 454 U.S. 1103, 102 S.Ct. 682, 70 L.Ed.2d 647 (1981). Appellants' present request is unavailing, however, because the court's order from which mandamus relief is sought does not do what appellants say it does: it does not conclusively determine their right to a jury trial in any particular forum. The extraordinary remedy of mandamus relief cannot be employed upon a mere predication as to how the district court or bankruptcy court may rule. For these reasons, the appeal is dismissed for want of jurisdiction.

Appeal DISMISSED.

litigation against the debtor or the debtor's estate granted by 11 U.S.C. § 362(a), the Bankruptcy Code's "relief from creditors" provision. Orders granting or denying relief from the automatic stay are final and appealable. *See, e.g., In re Sun Valley Foods Co.,* 801 F.2d 186, 190 (6th · Cir.1986) (citing cases).