UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
No. 98-40452
Summary Calendar

RAYMOND PETER GODAIRE,

Plaintiff-Appellant,

versus

E. EDE; T. PORTER, Chief Classification
Officer; WAYNE ULRICH, Unit Health
Administrator; H. CANTU, Doctor,

Defendants-Appellees.
_____

Appeal from the United States District Court
for the Eastern District of Texas
(1:95-CV-206)
_____

December 8, 1999

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Raymond Peter Godaire (TDCJ # 613522), *pro se*, contests the summary-judgment dismissal of his civil rights complaint, in which he alleges that in retaliation for his legal activities, defendants conspired to deny him medical treatment and medically-required housing. (Godaire's motion to "amend" his appeal, and the various relief requested therein, and for this court to take judicial notice of various filings in this and other actions, is **DENIED**. His motion to file his reply brief out-of-time is **GRANTED**. The clerk is directed to file only that reply brief which was tendered

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to the court on 23 June 1999.)

Godaire contends that the district court impermissibly granted summary judgment based on credibility determinations. We review a summary judgment *de novo*, applying the same standard as the district court. *E.g.*, **Melton v. Teachers Ins. & Annuity Ass'n of Am.**, 114 F.3d 557, 559 (5th Cir. 1997). Such judgment is proper if the summary judgment record presents *no* genuine issue of material fact and if, viewing that record in the light most favorable to the non-movant, the movant is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986). A factual dispute will preclude summary judgment if, based on the evidence, a reasonable juror could return a verdict for the non-movant. **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248 (1986). In this regard, the court may neither weigh the evidence nor make credibility determinations. **Id.** at 255.

The district court determined that defendants were entitled to qualified immunity because Godaire had failed to establish Eighth Amendment deliberate indifference. To state a claim for the unconstitutional denial of medical treatment, a convicted prisoner must allege that care was denied or delayed and that this constituted deliberate indifference to his serious medical needs. *See* **Estelle v. Gamble**, 429 U.S. 97, 104-05 (1976). A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and [he] disregards that risk by failing to take reasonable measures to abate it". **Farmer v. Brennan**, 511 U.S. 825, 847 (1994).

2

Summary judgment is proper on the claims that defendants conspired to withhold prescribed medical treatment. Godaire's conclusional conspiracy allegations are *not* supported by any evidence. *See* **Copsey v. Swearingen**, 36 F.3d 1336, 1347 (5th Cir. 1994).

With respect to withholding such treatment claims against Drs. Ede and Cantu (unit physicians), the district court concluded that the summary-judgment evidence showed a pattern of medical care which refuted the inadequate treatment claims. Although some of those claims are based on a lack of, or inadequate, treatment, Godaire alleged, under penalty of perjury, that, in order to punish him for his legal activities, the defendant doctors deliberately failed to enter his prescriptions in the computer. By dismissing the allegations, the district court apparently made a credibility determination that they were untrue, which is, as noted, impermissible for summary judgment. *See* **Anderson**, 477 U.S. at 255.

On the other hand, such judgment was proper for the claim against Ulrich (health administrator) for the alleged withholding of prescribed soft-soled shoes. Godaire does *not* show that Ulrich acted with deliberate indifference, because the summary judgment record does *not* show that the denial of the shoes created a "substantial risk of serious harm". *See* **Farmer**, 511 U.S. at 847.

For the housing-classification claim, the district court concluded that Godaire had *not* shown deliberate indifference on the part of Porter (chief of classification), because (1) the summary judgment evidence did *not* support Godaire's claim that he had

3

fallen down stairs in June 1993, as a result of his upper-floor assignment; and (2) that assignment lasted for only two months and was perhaps the result of a housing shortage. But, again, accepting Godaire's verified pleadings as true, the summary judgment evidence is conflicting with regard to whether he had fallen as a result of the assignment. Further, that the assignment may have lasted only two months does *not* necessarily negate the allegation that it was made deliberately and with a retaliatory motive. Accordingly, summary judgment is *not* proper for this claim.

The district court did not abuse its discretion by denying Godaire's motion for leave to amend his complaint to add additional defendants, by refusing to rule on Godaire's discovery motions prior to granting summary judgment, or by staying discovery pending ruling on qualified immunity.

And, we do *not* have jurisdiction to consider Godaire's claim that the court erred by denying his numerous requests for temporary restraining orders. *See **Matter of Lieb***, 915 F.2d 180, 183 (5th Cir. 1990).

Finally, we reject Godaire's attempt to present allegations against unidentified and unserved individuals regarding denial of access to the courts in connection with the prosecution of his case in the district court, based on claims of limited access to a law library and destruction of his legal filings and evidence while he was housed at a halfway house.

For the foregoing reasons, the portion of the judgment

4

dismissing the claims against Porter and Drs. Ede and Cantu for deliberate indifference to Godaire's serious medical needs by withholding prescribed housing and medical treatment is **VACATED**. In all other respects, the judgment is **AFFIRMED**.

*AFFIRMED IN PART; VACATED and REMANDED IN PART*