United States Court of Appeals
Fifth Circuit

**F I L E D**

November 1, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60713
Summary Calendar
_____

ROXANNE ZABNER-WILLIS,

Plaintiff-Appellant,

versus

JAMES W. GLADDEN,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:04-CV-229-R
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Roxanne Zabner-Willis ("Zabner") and two other pro se
plaintiffs, Timothy C. Willis and Bob G. Willis, filed an action
under the civil Rackeeter Influenced and Corrupt Organizations
("RICO") Act, 18 U.S.C. § 1961, and a diversity action against
defendant attorney James W. Gladden.  The two actions were
assigned the same district court case number, apparently because
they were based on almost identical factual allegations.

On July 8, 2004, the district court issued an order severing
the combined action into three individual actions, "one for each

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

individual named plaintiff."  Zabner has now filed an interlocutory appeal from the July 8, 2004, order.

This court must examine the basis of its jurisdiction on its own motion, if necessary.  Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987).  The July 8, 2004, order being appealed is not a final decision within the meaning of 28 U.S.C. § 1291 as it did not end the litigation on the merits.  See Cunningham v. Hamilton County, Ohio, 527 U.S. 198, 204 (1999).  The order severing the case is not an immediately appealable collateral order.  See Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978); In re Lieb, 915 F.2d 180, 185 (5th Cir. 1990) (and decisions cited therein); 19 MOORE'S FEDERAL PRACTICE § 202.11[11]; 15B CHARLES ALAN WRIGHT & ARTHUR P. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3914.20.

Accordingly, the appeal is DISMISSED for lack of jurisdiction.