**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 25, 2009

Charles R. Fulbruge III
Clerk

No. 08-10901
Summary Calendar

MICHAEL PATRICK KENNEDY

Plaintiff-Appellant

v.

DR DAVID POTTER; EDDIE C WILLIAMS; JOHN WILSON

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:07-CV-0022-0

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Michael Kennedy ("Kennedy"), a pro se inmate proceeding in forma pauperis, appeals the district court's denial of a motion for a temporary restraining order and a preliminary injunction. Kennedy sustained injuries from seven bullet wounds when he was arrested. After complaining about a bullet that he claimed was lodged in his spine and pressed on his nerve roots, Dr. David Potter ("Potter"), a prison doctor with experience treating

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

gunshot wounds, treated Kennedy. Potter examined and x-rayed Kennedy and, after finding the bullet in a pelvic muscle that did not press on nerve roots, recommended pain management treatment rather than surgery. Potter determined that the gunshot injury would not worsen and that the risks of surgery outweighed the benefits of removing the bullet fragments. Kennedy sued Defendants-Appellees Dr. David Potter, physician's assistant John Wilson, and warden Eddie Williams for deliberate indifference to serious medical needs under the Eighth Amendment.

Kennedy then moved for a temporary restraining order and preliminary injunction, seeking to be transferred to the Texas Tech University Health Science Center for treatment by a neurosurgeon and orthopedic surgeon. He also seeks removal from work assignments that, he claims, have aggravated his injury. The magistrate judge recommended that the district court deny the motion for a temporary restraining order and preliminary injunction, which the district court adopted. Specifically, the district court held a hearing on Kennedy's request for a temporary restraining order and denied as moot his motion for a hearing on his request for a preliminary injunction, motion to compel a ruling on the motion for a temporary restraining order, and petition for a writ of mandamus. Kennedy then filed this interlocutory appeal of the court's denial of his motion for a temporary restraining order and preliminary injunction.

This court's jurisdiction is limited to appeals of final decisions of district courts and certain interlocutory orders. 28 U.S.C. §§ 1291, 1292; FED. R. CIV. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545 (1949). Federal appellate jurisdiction is typically dependent upon a final decision that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). The district court's ruling on the temporary restraining order is not a final order and

does not fall into the class of special interlocutory appeals. *Faulder v. Johnson*, 178 F.3d 741, 742 (5th Cir. 1999)*; In re Lieb*, 915 F.2d 180, 183 (5th Cir. 1990).

We next consider whether this appeal meets each of the three requirements for the collateral order exception to the final judgment rule. A preliminary or interim order is appealable as a collateral order when it: (1) "conclusively determine[s] the disputed question," (2) "resolve[s] an important issue completely separate from the merits," and (3) is "unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978).

The district court's dismissal of Kennedy's motion for a temporary restraining order or preliminary injunction to alter his current job assignment and a transfer to another facility to be seen by another doctor does not "conclusively determine the disputed question"—whether or not Kennedy suffered from deliberate indifference to his serious medical needs. *Id.* The district court's order thus fails to satisfy even the first prong of the test because Kennedy may still proceed with his lawsuit. The appeal of the temporary restraining order does not fit into the collateral order exception and, accordingly, we do not need to address prongs two or three. Therefore, we dismiss this appeal in part for want of jurisdiction under § 1291. *In re Lieb,* 915 F.2d at 183.

In contrast, the order denying a motion for preliminary injunction requiring access to medical treatment is immediately appealable under § 1292(a)(1). This court reviews a district court's order denying a motion for preliminary injunction for abuse of discretion. *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). We review findings of fact for plain error and conclusions of law de novo. *Women's Med. Ctr. v. Bell*, 248 F.3d 411, 419 (5th Cir. 2001).

A litigant must establish the following four requirements to be entitled to a preliminary injunction: (1) "a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury

if the injunction is not granted, (3) that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to the defendant, and (4) that granting the preliminary injunction will not disserve the public interest." *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). A preliminary injunction is "an extraordinary and drastic remedy." *Id.* at 573. The party with the burden must "clearly carr[y] the burden of persuasion." *Miss. Power & Light Co.*, 760 F.2d at 621.

Turning to the first prong, Kennedy must show a substantial likelihood that he can prove that prison officials acted with deliberate indifference to Kennedy's medical needs so as to cause "unnecessary or wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). This requires proof that the prison officials were subjectively aware of a substantial risk of serious harm and were deliberately indifferent to that risk. *Hare v. City of Corinth*, 74 F.3d 633, 648-49 (5th Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). Deliberate indifference means that (1) prison officials were "aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the official[s] actually drew that inference; and (3) the official[s'] response indicates the official[s] subjectively intended that harm occur." *Thompson v. Upshur County,* 245 F.3d 447, 458-59 (5th Cir. 2001) (citing *Hare*, 74 F.3d at 649-50). Deliberate indifference is treated as similar to criminal recklessness. *Farmer*, 511 U.S. at 839-40. Deliberate indifference cannot be inferred from a negligent response to a substantial risk of serious harm. *Hare*, 74 F.3d at 649.

In the context of medical care to prisoners, courts have found that just because a prisoner does not agree that the medical care offered is appropriate, this is not enough to suffice for a claim of deliberate indifference to serious medical needs. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997) (citing *Young v. Gray*, 560 F.2d 201, 201 (5th Cir. 1977). It is not enough that the

diagnosis is incorrect. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). The prisoner must instead establish that officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Indeed, courts have found that evidence of medical exams, sick calls, and diagnoses have been used to rebut a claim of deliberate indifference. *See, e.g., Sexton v. Young*, No. 07-0088, 2007 U.S. Dist. LEXIS 25147, at *3-4 (W.D. La. Mar. 12, 2007).

The record establishes that the district court considered Kennedy's sick calls and exams, his continuous medical care for his chronic back pain, and his conversations with medical staff. Thus, the record supports the district court's order. The facts alleged do not show that defendants' responses indicate that they subjectively intended to harm him. Kennedy's disagreement over the next steps in his medical treatment—whether or not a neurosurgeon from an outside treatment center was necessary—is not sufficient to establish deliberate indifference. Rather, the district court acknowledged the medical staff's consideration of the benefits of pain management treatment over surgery. Thus, the first crucial requirement needed to succeed on a temporary injunction has not been established. Because Kennedy has not shown a substantial likelihood of succeeding on this claim, he is not entitled to a preliminary injunction. Accordingly, the district court did not err.

We DISMISS the appeal of a denial of a temporary restraining order for lack of jurisdiction. We AFFIRM the district court's order denying a preliminary injunction for lack of abuse of discretion.