# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 25, 2009

Charles R. Fulbruge III
Clerk

No. 08-61127
Summary Calendar

OSVALDO R. GONZALEZ,

Plaintiff–Appellant,

v.

CORRECTIONS CORPORATION OF AMERICA, Owner of Tallahatchie County Correctional Facility; CANTEEN CORRECTIONAL SERVICES; ROBERT ADAMS, Warden, Tallahatchie County Correctional Facility; SCOTT HOSEMAN, Food Service Manager, Tallahatchie County Correctional Facility; J WATSON, Chaplain, Tallahatchie County Correctional Facility; "UNKNOWN" STRONG, Canteen Correctional Services, Tallahatchie County Correctional Facility; "UNKNOWN" ANDERSON, Canteen Correctional Services, Tallahatchie County Correctional Facility; "UNKNOWN" KLINE, Facility J-B Officer, Corrections Corporation of America; "UNKNOWN" LOUIS, Officer, Corrections Corporation of America; "UNKNOWN" HARRIS, Officer, Corrections Corporation of America; TYWONE THOMAS, Facility E 1, 3, and 5 Unit Manager at Tallahatchie County Correctional Facility; J SOSA, Facility J-B Officer, Corrections Corporation of America; "UNKNOWN" ROBINSON, Canteen Correctional Services,

Defendants–Appellees.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:08-CV-89

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Osvaldo R. Gonzalez, California prisoner # K26531, commenced this civil rights action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA) alleging that a substantial burden was being placed on his right to practice his religion due to the meals served by the defendants at the private correctional facility in Mississippi where he is housed. Gonzalez is a Muslim and contends that he cannot eat the regular food trays provided by the prison because they violate his religious tenets. Gonzalez asserted that the vegetarian meals and the kosher meals provided by the prison do not violate the Islamic prohibition on eating meat that is non-halal. Gonzalez contended that he was being denied religious meals, which resulted in his being denied all food on certain occasions. He also contended that the food that was provided often consisted only of bread and cheese and was nutritionally inadequate. He asserted that this raised his cholesterol levels, for which he took medication, and made him feel dizzy and sick. Gonzalez argued that he was not permitted by prison officials to eat the kosher meals because he was not Jewish and that the cafeteria often ran out of vegetarian meals before he was served. Although the defendants accepted his suggestion of a religious meal-card program by which he could obtain the vegetarian meals, Gonzalez asserted that this did not resolve the problem because he was still denied such meals on numerous occasions after receiving the card. Gonzalez argued that the defendants' actions were taken with deliberate indifference to his constitutional rights under the First, Eighth, and Fourteenth Amendments.

The district court dismissed Gonzalez's complaint for failure to state a claim. The court determined that the First Amendment did not require the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prison to provide a diet that comported with Gonzalez's religious beliefs; that he had not stated an equal protection claim because the prison had implemented the religious meal-card program and had a policy of providing Muslim inmates with a vegetarian diet, and the intermittent failure to provide this diet did not rise to the level of a constitutional violation; that he had not stated an Eighth Amendment claim because he had not sought medical treatment for the allegedly ill effects he suffered from the prison diet; and that the 13 meals that he had missed over the course of an 18-month period did not constitute a substantial burden on the exercise of his religion under the RLUIPA.

We review the district court's dismissal of a complaint for failure to state a claim de novo. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005); *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). A complaint fails to state a claim when it does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Because Gonzalez is proceeding pro se, we liberally construe his allegations. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam).

The district court stated that it had considered Gonzalez's amended complaint and his motion for a temporary restraining order (TRO) or a preliminary injunction. However, in a sworn declaration supporting the motion for injunctive relief, Gonzalez asserted that he had been denied meals on 21 days between June 5, 2008, and July 15, 2008. Gonzalez contended that the actions of which he had complained in his complaint were continuing, even after implementation of the meal-card program in May 2008. Thus, the district court erred in concluding that Gonzalez had asserted that he was deprived of only a few isolated meals. Additionally, the district court's conclusion that Gonzalez could eat the regular tray provided by the prison if a meat substitute was

provided is contrary to Gonzalez's allegations, and it is not clear that such an option was available. Because Gonzalez has asserted that two diets that comport with the halal requirements of his religion are available at the prison—albeit one of those diets is available only to prisoners of another religion—and he has asserted that the denial of such a diet has continued following the implementation of the meal-card program, his complaints are adequate to state a claim under the First and Fourteenth Amendments, as well as the RLUIPA. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972) (per curiam); *Baranowski v. Hart*, 486 F.3d 112, 125 (5th Cir. 2007); *Adkins v. Kaspar*, 393 F.3d 559, 567-68 (5th Cir. 2004).

The district court's determination that Gonzalez's Eighth Amendment claim was deficient because he had not sought medical treatment is misplaced given his submissions showing that his cholesterol level was high and that he was receiving medication for this condition. Additionally, although isolated instances of meal deprivation are not constitutionally cognizable, in light of Gonzalez's assertion that the deprivation of meals is continuing, his allegations are sufficient to state a claim. *See Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999); *Eason v. Thaler*, 14 F.3d 8, 10 (5th Cir. 1994).

We lack jurisdiction to review the district court's denial of a TRO. *In re Lieb*, 915 F.2d 180, 183 (5th Cir. 1990). However, because the district court's determination to deny injunctive relief rests on its erroneous conclusion that Gonzalez failed to state a claim, the district court should reexamine the motion for preliminary injunctive relief.

Accordingly, we VACATE and REMAND the dismissal of Gonzalez's complaint and his motion for preliminary injunctive relief to the district court for further proceedings consistent with this opinion. We express no view as to the ultimate resolution of these issues.