# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 7, 2010

No. 10-60167
Summary Calendar

Lyle W. Cayce
Clerk

WILLIAM CODY CHILDRESS, a minor, by and through John Childress,
Natural Father,

Plaintiff - Appellant

v.

TATE COUNTY SCHOOL DISTRICT; GARY WALKER, TCSD
Superintendent, in his official and individual capacities; COREY
BLAYLOCK, Independence High School Principal, in his official and
individual capacities,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:10-CV-24

Before REAVLEY, DAVIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

This is an interlocutory appeal of the district court's order denying
Plaintiff's motion for a temporary restraining order and for a preliminary
injunction. We affirm the district court's order.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-60167

We review a district court's denial of a preliminary injunction for abuse of discretion.[1]  *See Bluefield Water Ass'n  v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir. 2009).  Legal determinations are reviewed de novo, and factual determinations are reviewed for clear error.  *See id.*

A district court may grant a preliminary injunction if an applicant demonstrates (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest.  *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 195-96 (5th Cir. 2003) (citation omitted).  "We have cautioned repeatedly that a preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements."  *Id.* at 196 (citation and quotes omitted).

Plaintiff argues that the district court erred in denying him a preliminary injunction because he has satisfied all four prongs of the above-cited test.  However, the district court concluded, inter alia, that Plaintiff had failed to show a likelihood of success on the merits.  Specifically, the district court held that Plaintiff failed to demonstrate that Defendant's otherwise gender-neutral policy of corporal punishment violates Plaintiff's right to equal protection by its purportedly disparate impact on male students.  Given the Supreme Court precedent on disparate impact and the burden of proof for showing discriminatory intent, we do not find the district court's holding an abuse of discretion.  *See, e.g.*, *Personnel Adm'r of Mass. v. Feeney*, 442 U.S. 256, 274, 99

---

[1] We review only the court's denial of a preliminary injunction. *See* 28 U.S.C. 1292(a)(1) (authorizing the courts of appeals to review appeals of orders granting or refusing to grant injunctions); *In re Lieb*, 915 F.2d 180, 183 (5th Cir. 1990) (appeals court lacks jurisdiction to review temporary restraining order pursuant to interlocutory appeal).

No. 10-60167

S. Ct. 2282, 2293 (1979) ("purposeful discrimination," not just disparate impact, necessary for equal protection violation).

Moreover, given the district court's acceptance of Plaintiff's alleged operative facts as true regarding the frequency and disparate nature of the alleged punishment, we find no abuse of discretion in the court's denial of Plaintiff's request for an evidentiary hearing. *See PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 546 (5th Cir. 2005) (no evidentiary hearing necessary when material factual dispute is absent).

Because we find no abuse of discretion regarding Plaintiff's likelihood of success on the merits, we need not review the district court's other grounds for denying the preliminary injunction. *See Lake Charles Diesel, Inc.*, 328 F.3d at 196.

AFFIRMED