# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 28, 2011

Lyle W. Cayce
Clerk

No. 11-10107
Summary Calendar

CHARLES STOCKWELL,

Petitioner-Appellant

v.

D.O. GORDON KANAN; DANNY MARRERO; SANDRA BUTLER; PAUL CELESTIN; REBECCA TAMEZ,

Respondents-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CV-31

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Charles Stockwell, federal prisoner # 35514-177, appeals the dismissal of his claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Stockwell contends that the district court erred by dismissing his medical care claims against Dr. Gordon Kanan and mid-level practitioner Danny Marrero, whom he alleges provided inadequate care, and against Associate Warden Sandra Butler, health

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

service administrator Paul Celestin, and Warden Rebecca Tamez, whom he alleges failed to take action when they became aware of the inadequate care that was provided.  He asserts that the district court erred in basing its dismissal of the claims against Butler, Celestin, and Tamez on the dismissal of the claims against Dr. Kanan and Marrero, as those three officers were obliged to take action to correct substandard care even if that care did not itself constitute deliberate indifference to his serious medical needs.

Claims against the United States pursuant to the Federal Tort Claims Act remain pending in the district court; however, final judgment was entered as to the claims raised in this appeal, pursuant to Federal Rule of Civil Procedure 54(b).  The entry of final judgment was not an abuse of discretion, and we have jurisdiction over the current appeal.  *See Ackerman v. FDIC*, 973 F.2d 1221, 1224 (5th Cir. 1992).

Claims against all defendants, including the United States, for operation of a so-called "Hug a Thug" program and for the intentional infliction of emotional distress were dismissed by the district court.  As Stockwell does not appeal the dismissal of those claims, he has abandoned them on appeal.  *See In re Municipal Bond Reporting Antitrust Litigation*, 672 F.2d 436, 439 n.6 (5th Cir. 1982).

The district court dismissed Stockwell's complaint (1) for failure to state a claim under the provisions of § 1915(e)(2)(B)(ii) and § 1915A, and (2) as frivolous pursuant to § 1915(e)(2)(B)(i). We review a dismissal for failure to state a claim de novo, applying the same standard used to review a dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).  When, as here, a district court dismisses a complaint as both frivolous, § 1915(e)(2)(B)(i), and for failure to state a claim, § 1915(e)(2)(B)(ii), we review the decision de novo.  *See Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).

In reviewing a dismissal for failure to state a claim, we accept as true all well-pleaded facts and views any such facts in the light most favorable to the plaintiff. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). This standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" *Iqbal,* 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *accord Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

Generally, when ruling on a Rule 12(b)(6) motion, the district court may not look beyond the pleadings. *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994). The court may, however, refer to matters of public record, as well as to documents attached to the complaint. *Id.* at 1343 n.6 (public records); *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996) (documents attached to complaint). In case of a conflict between the allegations in a complaint and the exhibits attached to the complaint, the exhibits control. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004); *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940).

Prison officials violate the constitutional prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain. *See Wilson v. Seiter*, 501 U.S. 294, 297 (1991). The Supreme

Court has adopted "subjective recklessness as used in the criminal law" as the appropriate test for deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 839-41 (1994). A prison official acts with deliberate indifference when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *see Reeves v. Collins*, 27 F.3d 174, 176-77 (5th Cir. 1994) (applying *Farmer* to a claim for denial of medical care). "[T]he facts underlying a claim of deliberate indifference must clearly evince the medical need in question and the alleged official dereliction." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985) (internal quotation, citation, and emphasis omitted).

Viewing the facts most favorably to Stockwell, *see Dorsey*, 540 F.3d at 338, he has failed to state a claim on which relief may be granted. Stockwell's pleadings and the administrative materials attached to his complaint, *see Riley*, 355 F.3d at 377, indicate that the prison medical staff attempted to ease Stockwell's pain with medication and both psychological and physiological pain management techniques throughout the period of his incarceration at FCI-Fort Worth. Stockwell was treated throughout the period in question with medication, although perhaps not always with specifically designated pain medication. His Percocet was discontinued on May 1, 2007, even though whether he attempted to hide it is a factual issue he disputes. He was seen five times in the triage unit and was advised to take part in a pain management program. He commenced physical therapy in March 2007, and he was seen by the physical therapist in September and October 2007. He was on a non-narcotic pain reliever in September 2007 and was seeing psychological personnel for pain management techniques. He was placed in the hospital in early 2008, where he received medication and pain management therapy, and he returned to FCI-Fort Worth with a prescription for medication. He began injection therapy in April 2009, which lasted until December 2009.

The occasional expiration of prescriptions when they could not be refilled, requiring Stockwell to get his medication at sick call, was constitutionally insignificant. "Continuing back pain is unpleasant. Its existence does not, however, in and of itself demonstrate that a constitutional violation occurred." *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992) An occasional missed dose of medication does not, without more, constitute deliberate indifference. *Id.* As for missed appointments for injection therapy, Stockwell sought damages from the United States only, not from the individual defendants in a *Bivens* claim.

Alone, continuing pain does not constitute a constitutional violation when the deficiencies in care are minimal. *See Mayweather,* 958 F.2d at 91. The pleadings and attached documents do not indicate deliberate indifference to Stockwell's serious medical needs. *See Wilson*, 503 U.S. at 297.

Moreover, allegations of verbal abuse do not rise to the level of a constitutional violation and may not serve as the basis for *Bivens* claims. *See Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir.1993). Additionally, because Stockwell did not receive constitutionally inadequate medical care, it follows that prison officials to whom Stockwell complained did not demonstrate deliberate indifference to his serious medical needs. *See Wilson*, 503 U.S. at 297. As to Stockwell's medical care claims, the judgment of the district court is affirmed.

Stockwell contends that the district court erred by denying his requests for a preliminary injunction and temporary restraining order (TRO). He asserts that the documents needed to prove his claims are at risk of being destroyed.

The denial of a TRO is not appealable in light of the likelihood of mootness. *In re Lieb*, 915 F.2d 180, 183 (5th Cir. 1990). The denial of a preliminary injunction, however, is reviewed for an abuse of discretion. *See Women's Med. Ctr. of Nw. Houston v. Bell*, 248 F.3d 411, 418-19 (5th Cir. 2001). Stockwell raised his contention that necessary documents might be destroyed in his TRO motion; he did not raise that contention in his motion for a preliminary

injunction.  We thus lack jurisdiction to entertain Stockwell's contention, *see Lieb,* 915 F.2d at 183, and, as to the TRO contention, the appeal is dismissed for lack of jurisdiction.

The district court's dismissal of Stockwell's complaint counts as a strike under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996).  Stockwell is admonished that if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

AFFIRMED IN PART; DISMISSED IN PART; SANCTION WARNING ISSUED.