**IN THE UNITED STATES COURT OF APPEALS**
       **FOR THE FIFTH CIRCUIT**

United States Court of Appeals
          Fifth Circuit

**F I L E D**

November 17, 2011

No. 10-40808
Summary Calendar

Lyle W. Cayce
Clerk

CHARLES ELLIS SHIRLEY,

                              Petitioner-Appellant

v.

SHERIFF, HENDERSON COUNTY JAIL,

                              Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:10-CV-331

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Charles Ellis Shirley, Texas prisoner # 663324, appeals the denial of his motion requesting a temporary restraining order and/or a preliminary injunction. The denial of a temporary restraining order is not appealable due to the likelihood of mootness. *In re Lieb*, 915 F.2d 180, 183 (5th Cir. 1990). However, the denial of a preliminary injunction is immediately appealable if it is related to the substantive issue of the litigation. 28 U.S.C. § 1292(a)(1); *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991). Review is for abuse

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of discretion. *Women's Med. Ctr. of Nw. Houston v. Bell*, 248 F.3d 411, 418-19 (5th Cir. 2001).

A movant for a preliminary injunction must demonstrate each of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not have an adverse effect on the public interest. *Id.* at 419 n.15. Shirley's motion was denied because he failed to set forth any facts or arguments in support of any of the factors required for injunctive relief. He merely set out a laundry list of items he said had to be provided, but he cited no specific facts showing that he was deprived of access to the courts by the denial of any of these items. Additionally, Shirley did not show an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 352-55 (1996).

In his brief on appeal, Shirley expands from the laundry list of requested items and contends that the dismissal of his habeas petition regarding the delay in extradition shows denial of access. He specifically claims that he was denied the ability to research his claim and that a guard would not make copies of his habeas petition to be mailed.

These arguments are raised for the first time, so this court need not consider them. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999) (holding that this court generally will not consider arguments raised for the first time on appeal). In any case, Shirley has failed to show that he has been denied access to courts. The district court's judgment is AFFIRMED.