# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-20433
No. 18-20092

United States Court of Appeals
Fifth Circuit

**FILED**
September 4, 2018

Lyle W. Cayce
Clerk

RICHARD BARROSO,

                         Plaintiff−Appellant,

versus

THE STATE OF TEXAS; TEXAS DEPARTMENT OF CRIMINAL JUSTICE;
CORRECTIONAL MANAGED HEALTH CARE;
TEXAS TECH UNIVERSITY MEDICAL PROVIDER;
BRAD LIVINGSTON; ET AL.,

                         Defendants−Appellees.

Appeals from the United States District Court
for the Southern District of Texas
No. 4:16-CV-3235

Before SMITH, HIGGINSON, and DUNCAN, Circuit Judges.

PER CURIAM:*

Richard Barroso, Texas prisoner #1452245, filed a 42 U.S.C. § 1983 action against numerous officials of the Texas Department of Criminal Justice

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20433
c/w 18-20092

challenging the conditions of confinement in the Dalhart Unit; Barroso was then transferred to the Michael Unit. On two occasions, Barroso moved for a Temporary Restraining Order ("TRO") against officials of the Michael Unit, which is in the Eastern District of Texas. In both cases, the district court dismissed the motions for a TRO without prejudice to Barroso's seeking relief in the Eastern District. Barroso appeals both dismissals, and we have consolidated the appeals.

Our jurisdiction is limited to appeals from final decisions. 28 U.S.C. § 1291. Although certain interlocutory orders pertaining to injunctions are immediately appealable under 28 U.S.C. § 1292, we do not have appellate jurisdiction over the denial of a TRO, which is not an "injunction" under § 1292(a)(1). *See In re Lieb,* 915 F.2d 180, 183 (5th Cir. 1990); *Overton v. City of Austin,* 748 F.2d 941, 952 (5th Cir. 1984).

Accordingly, the appeals are DISMISSED. All of Barroso's motions are DENIED as unnecessary.