# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 18, 2022

Lyle W. Cayce
Clerk

No. 20-50912
Summary Calendar

Raymond E. Lumsden,

*Plaintiff—Appellant*,

*versus*

Bobby Lumpkin, *Director*, *Texas Department of Criminal Justice*, *Correctional Institutions Division*; Senior Warden Cynthia Lofton; Assistant Warden Chimdi Akwitti; Assistant Warden Nick Clayton; Major Beau Smith; Jessica Riley; H. M. Pederson,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:20-CV-630

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Raymond E. Lumsden, Texas prisoner # 2109472, filed a pro se civil rights action pursuant to 42 U.S.C. § 1983. In the instant appeal, Lumsden challenges the district court's denial of his motion for a temporary restraining order (TRO) and a preliminary injunction.

To the extent that Lumsden is appealing the denial of his request for a TRO, we lack jurisdiction. *See In re Lieb*, 915 F.2d 180, 183, 186 (5th Cir. 1990). However, under 28 U.S.C. § 1292(a)(1), we have jurisdiction to review the denial of Lumsden's request for a preliminary injunction. *See Lakedreams v. Taylor*, 932 F.2d 1103, 1106-07 (5th Cir. 1991).

During the pendency of this interlocutory appeal, the district court dismissed Lumsden's § 1983 action. The court's ruling renders Lumsden's interlocutory appeal moot. *See Auto Parts Mfg. Miss.*, *Inc. v. King Constr. of Houston*, *L.L.C.*, 782 F.3d 186, 191 (5th Cir. 2015) (citing *Venezia v. Robinson*, 16 F.3d 209, 211 (7th Cir. 1994)).[1]

Accordingly, Lumsden's interlocutory appeal is DISMISSED in part for lack of jurisdiction and DISMISSED in part as moot.

---

[1] Lumsden appealed the district court's final judgment under Case No. 21-50272, which remains pending in this circuit and unaffected by this decision.