# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 18, 2023

Lyle W. Cayce
Clerk

No. 22-40251
Summary Calendar

_____

Donald Foster,

*Plaintiff—Appellant*,

*versus*

Billy Jackson, *Assistant Warden*; Jody Vincent, *Major*; Officer McGala; Officer Duff,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:20-CV-166

_____

Before King, Jones, and Smith, *Circuit Judges.*

Per Curiam:[*]

Donald Foster, Texas prisoner # 1038609, filed a 42 U.S.C. § 1983 action against various prison officials at the Polunsky Unit, alleging that they were depriving him of his personal property, exposing him to extreme heat, and discriminating against him based on his race. He moved the district court to grant him a temporary restraining order (TRO) against the officials. The

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-40251

district court accepted the magistrate judge's recommendation to deny the TRO motion as moot because the Texas Department of Criminal Justice's website reflected that Foster was no longer housed at the Polunsky Unit. Foster now appeals the denial and moves for leave to proceed in forma pauperis (IFP) on appeal.

Our jurisdiction is limited to appeals from final decisions of the district courts.  28 U.S.C. § 1291.  Certain interlocutory orders pertaining to injunctions are immediately appealable under 28 U.S.C. § 1292.  However, we do not have appellate jurisdiction over the denial of an application for a TRO because it does not qualify as an "injunction" under § 1292(a)(1). *Matter of Lieb*, 915 F.2d 180, 183 (5th Cir. 1990) (internal quotation marks omitted).

Accordingly, the appeal is DISMISSED, and Foster's IFP motion is DENIED AS UNNECESSARY.  Foster is reminded that, because he has accumulated at least three strikes under 28 U.S.C. § 1915(g), he is barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).