[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13738
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 2, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-20526-ASG

KLAUS HOFMANN, an individual,
AGUILAR PLAINTIFFS,

                                        Plaintiffs-Appellants,

versus

DE MARCHENA KALUCHE & ASOCIADOS,
a foreign corporation,
ENRIQUE DE MARCHENA, an individual,
EMI RESORTS, INC., a foreign corporation,
EMI SUN VILLAGE INC., a foreign corporation, et al.,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 2, 2011)

Before EDMONDSON, PRYOR, and COX, Circuit Judges.

PER CURIAM:

This lawsuit, while not a class action, concerns 232 plaintiffs who filed a fifteen-count complaint against Frederick Elliott, his son Derek Elliott, a maze of the Elliott's companies, and the Elliott's law firm.[1] The complaint alleges claims under the federal RICO statute, 18 U.S.C. § 1962(c) and (d), and under various state laws. The claims are based on allegations that the Elliotts defrauded individuals throughout the United States by devising an investment scheme through which investors could purchase real estate interests in luxury vacation properties in the Dominican Republic.

For purposes of case management, the district court entered an order pursuant to Federal Rule of Civil Procedure 21 that severed the 232 plaintiffs and their claims and instructed each plaintiff to file his or her complaint in a separate action. Plaintiffs now appeal that Rule 21 severance order. Because the severance order is not final, and the collateral order doctrine does not apply to an interlocutory order severing claims, we lack jurisdiction. We therefore dismiss this appeal.

## I. BACKGROUND & PROCEDURAL HISTORY

In May 2010, Plaintiffs, a group of 232 individuals, filed a fifteen-count complaint alleging claims under the federal RICO statute, 18 U.S.C. § 1962(c) and (d), and under various state laws. These claims are based on allegations that the

---

[1] For purposes of this appeal, we do not need to distinguish between any of the defendants. We use the general term "Defendants" as referring to all named defendants.

Plaintiffs invested in one, some, or all of five different investment products offered by Defendants in the Dominican Republic during various time periods from 2004 through 2008.

The Defendants eventually filed a motion to sever the Plaintiffs and their claims pursuant to Federal Rule of Civil Procedure 21.[2] In that motion, the Defendants argued that the Plaintiffs and their individual claims are misjoined together in this one group action, and that, as a result, each of the Plaintiffs should be required to sue individually in separate lawsuits.

The district court granted the motion to sever and ordered all 232 plaintiffs to file separate, individual actions by specific dates. The court severed the case primarily because the complaint asserts that different Plaintiffs invested in different products, relied on different representations and marketing materials to varying degrees, and signed different contracts that changed over time. Plaintiffs now appeal the severance order.

---

[2] Rule 21 provides: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."

## II. DISCUSSION

The only issue we need address is whether we have appellate jurisdiction over a district court's Rule 21 order granting a motion to sever claims against a party. Generally our jurisdiction is limited to reviewing final judgments of the district courts. 28 U.S.C. § 1291; *see also Thomas v. Blue Cross and Blue Shield Ass'n*, 594 F.3d 823, 828 (11th Cir. 2010). The collateral order doctrine is a narrow exception to the finality requirement of 28 U.S.C. § 1291. *See Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 545-46, 69 S. Ct. 1221, 1225-26 (1949); *Thomas*, 594 F.3d at 828. To be appealable under the collateral order doctrine, a non-final order must: (1) conclusively determine the disputed question; (2) resolve an important issue completely separate from the merits of the action; and (3) be effectively unreviewable on appeal from a final judgment. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S. Ct. 2454, 2458 (1978); *see also Miccosukee Tribe of Indians v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009). The parties agree that the order granting severance pursuant to Rule 21 meets the first two elements of the collateral order doctrine. The dispute in this case is whether the severance order meets the third element—that the order is effectively unreviewable on appeal from a final judgment.

We conclude that a Rule 21 severance order is reviewable following a final judgment and thus the collateral order doctrine does not provide appellate jurisdiction

4

over such orders. If the Plaintiffs file individual complaints in their actions and an adverse final judgment on the merits is ultimately entered, then the severance order may be reviewed following final judgment. A severed claim under Rule 21 proceeds as a discrete suit and results in its own final judgment from which an appeal may be taken. *See Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 441 & n.17 (7th Cir. 2006) (noting that almost all circuits have adopted the same approach to Rule 21 severance and have held that "severance creates two discrete, independent actions, which then proceed as separate suits for the purpose of finality and appealability.").

The Rule 21 severance order in this case is analogous to several other interlocutory orders that are not reviewable under the collateral order doctrine. First, an order granting or denying consolidation under Rule 42(a) is not appealable under the collateral order doctrine. *See NAACP of La. v. Michot,* 480 F.2d 547, 548 (5th Cir. 1973) (denial of consolidation not appealable); *Levine v. Am. Export Indus., Inc.*, 473 F.2d 1008, 1008-09 (2d Cir. 1973) (granting consolidation not appealable). Second, an order granting or denying separate trials under Rule 42(b) is not appealable under the collateral order doctrine. *See Reinholdson v. Minnesota*, 346 F.3d 847, 849-50 (8th Cir. 2003) (construing a severance of claims under a Rule 42(b) framework and concluding that the district court's severance rulings were interlocutory and not appealable); *In re Lieb*, 915 F.2d 180, 185 (5th Cir. 1990)

(finding that severance orders are analogous to orders under Rule 42(b), which are "interlocutory and non-appealable before final judgment"). Third, an order denying class certification is not appealable under the collateral order doctrine. *See Coopers & Lybrand*, 437 U.S. at 468-69, 98 S. Ct. at 2458.[3] We find no reason to treat Rule 21 severance orders differently than these analogous orders.

We reject Plaintiffs' contention that they are entitled to automatic appellate review because the severing of claims effectively deprives them of their day in court. For an order to be effectively unreviewable on appeal from a final judgment, an appellant must demonstrate that "denial of immediate review would render impossible any review whatsoever." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 376, 101 S. Ct. 669, 675 (1981) (citation omitted). This requirement is met where "the legal and practical value of [the asserted right] would be destroyed if it were not vindicated before trial." *United States v. MacDonald*, 435 U.S. 850, 860, 98 S. Ct. 1547, 1552 (1978) (citation omitted). Plaintiffs have made no showing that reviewing the severance order after final judgment would destroy their legal rights. And, Plaintiffs have made no showing that this case, which involves allegations that

---

[3] The Supreme Court decided *Coopers & Lybrand* before the 1998 amendment to the Federal Rules that added Rule 26(f), which expressly makes a Rule 23 certification order subject to discretionary interlocutory appeal. As we note in the text, this case has not proceeded as a class action under Rule 23.

Defendants defrauded Plaintiffs of over $170,000,000, is one where the per-plaintiff amount of alleged damage will make the filing of separate suits impossible.

To accept the Plaintiffs' view and allow an automatic interlocutory appeal of every Rule 21 severance order would impose unacceptable costs in terms of time and money on the parties, the district court, and this court. Spanning over a year and a half in federal district court, this litigation has included multiple pretrial motions and hundreds of docket entries. To allow automatic interlocutory review of the severance order would slow down what is already a slow-moving case. This we will not do.

We conclude by noting that Plaintiffs did not invoke any of the other recognized exceptions to the final judgment rule. They did not ask the district court to certify a controlling issue of law for interlocutory appeal under 28 U.S.C. § 1292(b). They did not ask the court to enter final judgment on the severed claims with "an express determination that there is no just reason for delay and upon an express direction for the entry of judgment," which authorizes an immediate appeal when only some parties or claims are dismissed. *See* Fed. R. Civ. P. 54(b). And, Plaintiffs have not litigated this case as a class action, so a discretionary appeal of a class-certification decision under Rule 23(f) is not available.

## III. CONCLUSION

Because the severance order in this case is not final and the collateral order doctrine does not apply to a Rule 21 interlocutory order severing claims, we lack jurisdiction over this appeal. We therefore dismiss this appeal.

DISMISSED FOR WANT OF JURISDICTION.