[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14271
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-03346-AT

MICHAEL J. VICKERS,

Plaintiff-Appellant,

versus

STATE OF GEORGIA, et al.,

Defendants,

K. R. KNAPP,
City of Atlanta Police Officer Badge #3402,
D. JENKINS,
City of Atlanta Police Officer Badge #4747,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 27, 2014)

Before HULL, JORDAN, and KRAVITCH, Circuit Judges.

PER CURIAM:

Michael J. Vickers, proceeding *pro se*, appeals from the district court's (1) partial dismissal of his complaint, brought under 42 U.S.C. §§ 1981, 1983, and 1985 against the State of Georgia, City of Atlanta, Fulton County, and two Atlanta police officers, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); (2) dismissal of his §§ 1981, 1983, and 1985 claims against Gwinnett County, severing those claims into a separate action; and (3) grant of summary judgment based on qualified immunity to Officers Jenkins and Knapp on his remaining § 1983 claims of false arrest, false imprisonment, and excessive force.

Mr. Vickers raises several arguments on appeal, which we construe liberally as he is proceeding *pro se*, addressing each in turn. *See Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

I.

First, Mr. Vickers argues that the district court improperly granted summary judgment to Officers Jenkins and Knapp on his false arrest, excessive force, and false imprisonment claims. He contends that a genuine issue of material fact exists as to whether the officers had actually witnessed him breaking into a vehicle or attempting to flee on the night of his arrest in Fulton County.

2

We review the grant of summary judgment *de novo*.  *See Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th Cir. 2010).  We also review *de novo* the grant or denial of qualified immunity on summary judgment, taking all facts in the light most favorable to the non-movant.  *See Hoyt v. Cooks*, 672 F.3d 972, 977 (11th Cir. 2012).  Summary judgment is appropriate when the movant has shown that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

Here, viewing the facts in the light most favorable to Mr. Vickers, the record demonstrates that Officer Jenkins reported that he observed, from his police vehicle, a person breaking into another vehicle in a dark, but lit, parking lot late at night.  When the person fled, Officer Jenkins started chasing him on foot but lost sight of him when he rounded a corner.  Officer Jenkins called for assistance, identifying the individual as a black male wearing a hoodie, and Officer Knapp, who was in the area, apprehended Mr. Vickers a short distance away.  When Officer Jenkins arrived, he identified Mr. Vickers from behind wearing his light-colored jacket with the hood pulled over his head as the person he saw breaking into the car.  Officer Knapp then arrested Mr. Vickers.

Mr. Vickers contends that there is a genuine issue of fact regarding whether he was at the scene of the crime, relying primarily on a ruling from his state criminal case in which the state court suppressed Officer Jenkins' identification of

3

him on the grounds that there was a strong likelihood of misidentification.  The state court based its ruling on weaknesses in the testimony of Officer Jenkins, including that he reported that the suspect had nothing in his possession during the chase but that Mr. Vickers was found with four bags of personal possessions when he was apprehended, that the incident occurred at night, and that he made his identification from behind Mr. Vickers.  Mr. Vickers seems to argue that the state court's suppression of Officer Jenkins' identification proves that the accounts of Officers Jenkins and Knapp are false, raising a genuine question of whether he was the person who broke into the car.

A warrantless arrest made without probable cause violates the Fourth Amendment and is actionable under § 1983, but an arrest made with probable cause constitutes an absolute bar to a § 1983 action for false arrest.  *See Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996).  An officer has probable cause for an arrest when the arrest is "objectively reasonable based on the totality of the circumstances."  *Wood v. Kesler*, 323 F.3d 872, 878 (11th Cir. 2003).  "This standard is met when the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense."  *Id*.  In addition to actual probable cause, an officer is protected by qualified immunity even if he has only

4

"arguable probable cause" to make the arrest.  *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1137 (11th Cir. 2007).  Arguable probable cause requires that "reasonable officers in the same circumstances and possessing the same knowledge as the Defendant [ ] *could have believed* that probable cause existed to arrest."  *Id.* (internal quotation marks omitted).[1]

First, we agree with the district court[2] that Officer Knapp is entitled to qualified immunity for his arrest of Mr. Vickers.  He had probable cause to arrest Mr. Vickers based on Officer Jenkins' positive identification of Mr. Vickers as the person he saw breaking into the car.

Next, we also agree that Officer Knapp at least had arguable probable cause for the arrest.  Although his identification of Mr. Vickers may have been mistaken, under the circumstances, we cannot say that his mistake was constitutionally

---

[1] "Qualified immunity protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Andujar v. Rodriguez*, 486 F.3d 1199, 1202 (11th Cir. 2007).  To be entitled to qualified immunity, a defendant must first establish that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred.  *Mathews v. Crosby*, 480 F.3d 1265, 1269 (11th Cir. 2007).

Once the defendant has established that he was acting within his discretionary authority, "the burden shifts to the plaintiff to show that qualified immunity is not appropriate." *Id.*  When evaluating a claim for qualified immunity, a court must determine (1) whether the facts alleged, viewed in the light most favorable to the plaintiff, show that the officer's conduct violated a constitutional right, and (2) whether the right at issue was "clearly established" at the time of the defendant's alleged misconduct.  *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

Here, there is no dispute that the officers were performing their discretionary duties when they arrested Mr. Vickers.  *See Edwards v. Shanley*, 666 F.3d 1289, 1294 (11th Cir. 2012) ("It is undisputed that [the officers] were acting within their discretionary authority while tracking and arresting [the plaintiff].").  The only issue is whether Mr. Vickers's arrest violated a clearly established constitutional right.

[2] The district court adopted the magistrate judge's final report and recommendation.

5

unreasonable.  The Supreme Court has "recognized that it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and [the Court has] indicated that in such cases those officials—like other officials who act in ways they reasonably believe to be lawful—should not be held personally liable." *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

Finally, although we recognize that the state court concluded that Officer Jenkins' identification was not reliable, Mr. Vickers does not point to any evidence in this record that creates a genuine issue of fact about whether Officer Jenkins or Officer Knapp knowingly falsified their statements as he has suggested they did.

Accordingly, we conclude that Officers Jenkins and Knapp are entitled to qualified immunity on Mr. Vickers' false arrest claim.[3]

---

[3] The district court also granted qualified immunity to Officers Jenkins and Knapp on Mr. Vickers' false imprisonment and excessive force claims.  Even construing Mr. Vickers' *pro se* brief liberally, it appears that he has abandoned these claims because he has not raised any specific arguments regarding his claims of excessive force or false imprisonment in his brief.  Under this Circuit's long-standing prudential rule we are not required to address the merits of arguments that have not been properly presented in a party's initial brief instead deeming them waived or abandoned.  *See e.g., In re Egidi,* 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented in a party's initial brief . . . are deemed waived."); *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

Nonetheless, even if we presume that Mr. Vickers did not abandon these claims (we note that the defendants briefly addressed the district court's ruling on the false imprisonment and excessive force claims in their response brief), we see no error in the grant of summary judgment on qualified immunity grounds on either of these claims.  We cannot say that the officers' use of a flashlight to hit Mr. Vickers' ankles was constitutionally excessive.  Mr. Vickers admitted in his deposition that he was a "little irate," and the officers used the flashlight so that they could close the door on the police transport vehicle when Mr. Vickers kept kicking the door to keep the

II.

Next, Mr. Vickers contends that the district court erred in dismissing his claims against the State of Georgia, the City of Atlanta, and Fulton County, arguing that he described the alleged constitutional violations with sufficient specificity in his complaint to state a claim for relief.

We review *de novo* a district court's dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted, viewing the allegations in the complaint as true. *See Mitchell v. Farcass*, 112 F.3d 1483, 1489-90 (11th Cir. 1997). We use the same standards to assess § 1915(e)(2)(B)(ii) dismissals for failure to state a claim as we use to assess dismissals for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Id*. at 1490. In considering a motion to dismiss, a court should first eliminate any allegations that are merely legal conclusions, and then determine whether the factual allegations, assumed to be true, give rise to relief. *Am. Dental Ass'n, v. CIGNA Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010).

---

officers from closing it. Nor has Mr. Vickers shown that the officers violated his "right to be free from continued detention after it was or should have been known that [he] was entitled to release" and that they "acted with deliberate indifference" necessary to establish a Fourteenth Amendment violation for false imprisonment. *See Campbell v. Johnson*, 586 F.3d 835, 840 (11th Cir. 2009).

Mr. Vickers alleged in his complaint that the State of Georgia, the City of Atlanta, and Fulton County have a routine practice and policy of targeting African American males on account of race and gender for increased enforcement of its laws and that they do so disproportionate to other races.  Mr. Vickers, however, did not allege any specific facts to support his conclusory allegation that these government entities engage in the routine practice of targeting African American males for discriminatory treatment.  He merely cited to his own interactions with law enforcement and the judicial system which is insufficient to allege a practice or policy of discrimination as to African American males generally.  Accordingly, we see no error in the district court's *sua sponte* dismissal of Mr. Vickers' claims pursuant to its § 1915(e)(2)(B) initial screening obligation.

## III.

Third, Mr. Vickers argues that the district court abused its discretion by severing his factually discrete claims against Gwinnett County into a separate federal action because the court's severance of the claims prejudiced him, a *pro se* defendant with limited resources and legal experience, and did not serve the court's interest in judicial economy.

Under Federal Rule of Civil Procedure 21, a district court may sever any claim or party from an action *sua sponte*, but only on "just terms." Fed.R.Civ.P. 21.  We review a decision to sever a claim under Rule 21 for abuse of

discretion.  *Estate of Amergi ex rel. Amergi v. Palestinian Auth.*, 611 F.3d 1350, 1356 (11th Cir. 2010).

Here, Mr. Vickers claimed that a warrant was issued for his arrest in Gwinnett County, he turned himself in to the officials, and he remained in the Gwinnett County Detention from March 30, 2009 to April 6, 2009.  Because he did not allege any facts in his complaint that indicated that his detention in Gwinnett County was related to his claims against Officers Jenkins and Knapp, we cannot say that the district court abused its discretion in severing Vickers' claims against Gwinnett County and in allowing him to pursue those claims in a separate federal suit.[4]

## IV.

Finally, Mr. Vickers contends that the district court abused its discretion by denying his motion to appoint counsel, contending that the court's decision caused him "extreme hardship."

A civil plaintiff has no constitutional right to counsel, but a district court may appoint counsel for an indigent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).

---

[4] To the extent Mr. Vickers also seeks review of the dismissal of his claims against Gwinnett County in that separate action, we lack jurisdiction to consider his arguments.  As the court severed those claims into a separate action, Mr. Vickers' notice of appeal in this action does not extend to the final order of dismissal on the merits in that case.  *See Hofmann v. De Marchena Kaluche & Asociados*, 642 F.3d 995, 998 (11th Cir. 2011) ("A severed claim under Rule 21 proceeds as a discrete suit and results in its own final judgment from which an appeal may be taken.").  Moreover, Mr. Vickers separately appealed the final order in the Gwinnett County case and that appeal ultimately was dismissed in July of 2012 for want for prosecution.

*See Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999).  However, the appointment of counsel in a civil case only is justified in "exceptional circumstances, such as the presence of facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner."  *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (internal quotation marks omitted).  A district court has broad discretion in determining whether such circumstances exist.  *See Smith v. Fla. Dep't of Corrs.*, 713 F.3d 1059, 1063 (11th Cir. 2013).

The district court did not abuse its discretion by denying Vickers' motion to appoint counsel, as this case did not present novel or complex issues of law justifying the appointment of counsel in a civil case.

**AFFIRMED.**