[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-13455
Non-Argument Calendar
_____

D.C. Docket No. 9:14-cv-80137-KAM

JEAN MESIDOR,
PAUL DELVA,
JEAN EDY PIERRE,
PASTEL ST. DUC,
FEKEL EXANTUS,
FRANTZ LAURENT,
PIERRE DENEUS,
DUCOEUR DUMERLUS,
ANTOINE PIERVIL,
LUCMAN ST. LOUIS,
HAROLD COURAGEAUX,
JOSEPH HENRY,
RONES ST. JULIEN,
BERTHO JEANTY,
MICHELET ALZIME,
WANES MILDOR,
JEAN BAPTISTE MONDESTIN,
ALEX MESIDORT,
ANIVAN CENELIAN,
PAUL FERTIL,
SAINGIL BENOIT,

Plaintiffs-Appellants,

VIARD SIMON, etc.,

Plaintiff,

versus

WASTE MANAGEMENT, INC. OF FLORIDA,
a Florida corporation,
WASTE MANAGEMENT, INC. OF FLORIDA,
1001 Fannin Sute 4000 Houston, TX 77002,

Defendants-Appellees.

_____

Appeal from the United States district court
for the Southern district of Florida

_____

(March 26, 2015)

Before MARTIN, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Jean Mesidor and twenty other Appellants appeal the dismissal of their employment-discrimination suits as time-barred.  Their appeal presents one question: are they entitled to equitable tolling of Title VII's ninety-day statute of limitations?  Because we conclude they are not, we affirm.

Believing that their employer, Waste Management, Inc. of Florida, discriminated against them in violation of Title VII of the Civil Rights Act of 1964, the Appellants made charges of discrimination and received right-to-sue letters from the EEOC.  Within ninety days—that is, within Title VII's ninety-day statute

2

of limitations, 42 U.S.C. § 2000e-5(f)(1)—the Appellants (along with seventy-seven other plaintiffs) brought a joint action against Waste Management. Nearly two years later, the district court severed these ninety-eight claims into individual actions and ordered each plaintiff to file a separate complaint within thirty days. Instead of following that instruction, the Appellants appealed the severance order. We dismissed because a severance order is reviewable only after final judgment. See Hofmann v. De Marchena Kaluche & Asociados, 642 F.3d 995, 998 (11th Cir. 2011) (per curiam).

After we dismissed their appeal, the Appellants each filed separate complaints. But by then they were well beyond the thirty-day deadline imposed by the district court. The court dismissed their complaints because Title VII's ninety-day statute of limitations had expired. The court explained that while the earlier severance order allowed refiling within thirty days despite the expiration of the statute of limitations, the Appellants failed to take action within those thirty days. The Appellants now appeal this dismissal, arguing they are entitled to equitable tolling. We review de novo a Rule 12(b)(6) dismissal for failure to satisfy the statute of limitations. Jackson v. Astrue, 506 F.3d 1349, 1352 (11th Cir. 2007).[1]

---

[1] The Appellants insist that the district court should have converted Waste Management's motion to dismiss into a motion for summary judgment because it relied on materials outside the pleadings—specifically, the severance order from the earlier joint action. But a district court may consider extrinsic materials on a motion to dismiss if "[1] a plaintiff refers to a document in [his] complaint, [2] the document is central to [his] claim, [3] its contents are not in dispute, and [4] the defendant attaches the document to its motion to dismiss." Fuller v. SunTrust Banks,

3

The district court did not err in dismissing the Appellants' individual actions as time-barred. The Appellants received their right-to-sue letters by April 4, 2011, but they did not file their actions until February 2014. Although the district court gave them a thirty-day reprieve following severance on September 20, 2013, the Appellants failed to file their complaints within this period.

The only argument the Appellants raise on appeal is that the statute of limitations should be equitably tolled.[2] Title VII's ninety-day filing requirement is subject to equitable tolling. Irvin v. Dep't of Veterans Affairs, 498 U.S. 89, 95–96, 111 S. Ct. 453, 457 (1990). The Appellants bear the burden of proving equitable tolling, which "is an extraordinary remedy which should be extended only sparingly." Bost v. Fed. Express Corp., 372 F.3d 1233, 1242 (11th Cir. 2004) (citation omitted). We review de novo the district court's ruling on equitable tolling, but we review its factual determinations only for clear error. Cabello v. Fernández-Larios, 402 F.3d 1148, 1153 (11th Cir. 2005) (per curiam).

---

Inc., 744 F.3d 685, 696 (11th Cir. 2014) (quotation marks omitted). A court may also consider public documents, such as court orders, without converting a motion to dismiss into a motion for summary judgment. See Nix v. Fulton Lodge No. 2 of Int'l Ass'n of Machinists and Aerospace Workers, 452 F.2d 794, 797–98 (5th Cir. 1971) (prior circuit opinions). The Appellants referred to the order in their complaints; its contents were undisputed; Waste Management attached the order to its motion; and it is a public document. It was proper to dismiss on statute of limitations grounds because it was "apparent from the face of the complaint that the claim [was] time-barred." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 846 (11th Cir. 2004) (quotation marks omitted).

[2] The Appellants argued to the district court that their complaints should have related back to the earlier, joint action. But they do not press this argument on appeal, so it is abandoned. See Holland v. Gee, 677 F.3d 1047, 1066 (11th Cir. 2012).

The Appellants have not met their burden.  To show they are entitled to equitable tolling, the Appellants must show extraordinary circumstances such as fraud, misinformation, or deliberate concealment.  See Jackson, 506 F.3d at 1355. Equitable tolling of Title VII's statute of limitations may be appropriate if (1) a state court action is pending; (2) the defendant concealed acts giving rise to a Title VII claim; or (3) the defendant misled the employee about the nature of his rights under Title VII.  Manning v. Carlin, 786 F.2d 1108, 1109 (11th Cir. 1986).

None of these circumstances is present here.  Beyond that, the Appellants did not act with due diligence.  See Bost, 372 F.3d at 1242 ("Equitable tolling is inappropriate when a plaintiff did not file an action promptly or failed to act with due diligence.").  The Appellants say that by appealing the severance order they acted with diligence.  But our precedent is clear, and was at the time of their appeal, that a severance order is not immediately appealable.  See Hofmann, 642 F.3d at 997–99.  Their mistaken belief to the contrary is not an extraordinary circumstance entitling the Appellants to equitable tolling.  See Jackson, 506 F.3d at 1356 (explaining that "[i]gnorance of the law does not, on its own," warrant equitable tolling).  The Appellants could have asked the district court to extend the thirty-day period for filing their individual complaints until after their appeal, or they could have filed their complaints while pursuing the appeal.  They did neither.

5

They simply ignored the thirty-day period and appealed a clearly nonappealable

order.  That is not diligence.

**AFFIRMED.**