RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 15a0243p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

─────────────────

MICHAEL ANDREW KITCHEN,

*Plaintiff-Appellant,*

*v.*

No. 15-2048

DANIEL H. HEYNS, et al.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:14-cv-12883—Victoria A. Roberts, District Judge.

Decided and Filed:  October 6, 2015

Before:  BOGGS, SUHRHEINRICH, and SUTTON, Circuit Judges.

─────────────────

**OPINION**

─────────────────

SUTTON, Circuit Judge.  At stake is a matter of first impression:  Do we have appellate jurisdiction over an appeal from a Civil Rule 21 order dismissing some but not all of the defendants in a lawsuit?  Consistent with the other circuits that have addressed the issue, we conclude that we do not.  The appeal is dismissed for lack of jurisdiction.

Michael Kitchen filed a pro se lawsuit against twenty-two Michigan Corrections Officers, alleging constitutional violations stemming from the officers' conduct at two prisons.  He encountered seven defendants in one prison and thirteen in another, and he sued the other two based on their statewide responsibilities.  Kitchen joined all twenty-two in one complaint.  Because Civil Rule 20(a)(2) does not allow such joinder, the defendants asked the district court to remove all but the first seven of them.  The court agreed.  Invoking Civil Rule 21, which

1

allows the court to correct the improper joinder of parties in one lawsuit, the court kept the seven related defendants in the case and dismissed the other fifteen without prejudice.

Kitchen filed a notice of appeal from that order claiming that the district court should not have dismissed the other fifteen defendants. That kind of order usually takes little work to handle. Absent an exception, we lack appellate jurisdiction over orders that dispose of fewer than all of the claims and parties in the complaint. *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013); *see Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 431–34 (1956).

Rule 21 complicates things, however. The Rule applies when a party improperly adds or omits other parties in a lawsuit. Generally speaking, mistakes in this area are "not a ground for dismissing an action." Fed. R. Civ. P. 21. In the event of a misjoinder or nonjoinder, the Rule explains, a court may (1) "add or drop" parties or (2) "sever" the claims against the parties. *Id.*

The two remedies have "quite different" legal effects. *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006). *Severing* the claims "creates two discrete, independent actions, which then proceed as separate suits for the purpose of finality and appealability." *Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 441 & n.17 (7th Cir. 2006) (collecting cases); *see* 7 Wright & Miller, *Federal Practice & Procedure* § 1689 (3d ed. 2015). Courts treat severed claims as if the plaintiff had originally filed two separate lawsuits. *Dropping* parties on the other hand preserves the originally filed lawsuit. *DirecTV*, 467 F.3d at 845. The court dismisses the dropped defendants without prejudice, and the plaintiff may file a new lawsuit against them on the separate claims. *See Michaels Bldg. Co. v. Ameritrust Co.*, 848 F.2d 674, 682 (6th Cir. 1988).

The difference between dropping parties and severing claims affects our appellate jurisdiction from time to time. We may not hear a plaintiff's appeal from a district court's order dropping a defendant, because the order disposes of less than all of the plaintiff's complaint and some defendants remain in the one lawsuit. *Hofmann v. De Marchena Kaluche & Asociados*, 642 F.3d 995, 998 (11th Cir. 2011) (per curiam); *cf. Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 520 (5th Cir. 2010) (per curiam). The same is true of an order severing the claims because nothing final has happened yet and two ongoing lawsuits now exist. But there is a catch. If the court first severs the claims and *then dismisses* one of the two actions (say for failure to state a claim), "*all* the claims in a *single civil action* were dismissed." *Brooks v. Dist.*

*Hosp. Partners, L.P.*, 606 F.3d 800, 806 (D.C. Cir. 2010). The dismissal of one of the severed actions is a final order in that case, much like the dismissal of any single action. We have appellate jurisdiction over an appeal from a final order in a severed action, and all non-final orders, including the Rule 21 order, merge into the final order. *Hofmann*, 642 F.3d at 998; *see Spencer, White & Prentis Inc. of Conn. v. Pfizer Inc.*, 498 F.2d 358, 361–62 (2d Cir. 1974).

An example illustrates the distinction. Suppose a plaintiff (Peter) files two unrelated claims against two unrelated defendants (Alex and Barb) in one complaint. If the district court merely *drops* Barb from the action, Peter may not appeal. He may, however, file a separate action against Barb. Or he may wait for final judgment against Alex, then appeal the outcome of the lawsuit against Alex (a final judgment) *and* the dropping of Barb (a non-final order that merged with the final judgment). Now suppose the district court *severs* Peter's claims against Alex and Barb. Peter at that point has two lawsuits, and he cannot appeal because neither is yet final. Once the court enters final judgment in *either action*, Peter may appeal from that judgment *and* from the order severing the claims.

What happened here? The district court dropped fifteen of the twenty-two defendants. It did not sever the claims and enter final judgment. It indeed did not enter judgment at all as to any of the defendants. It adopted the magistrate judge's report in full, which explained why dropping the defendants seemed to be the "just" option. R. 54 at 8. Kitchen would not suffer any adverse effects, the report went on, because he could file a separate lawsuit against the dropped defendants. In line with the report, the court dismissed fifteen of the defendants without prejudice—an approach incompatible with severing the lawsuit. Kitchen has only one ongoing action, and it has not yet reached final judgment. We thus lack appellate jurisdiction over this "district court ruling that dispose[d] of only some claims or only some parties." *Refrigerant Compressors*, 731 F.3d at 589; *see* 28 U.S.C. § 1291. We are not alone in reaching this conclusion in a setting like this one. *See In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 376 (3d Cir. 2005); *Acevedo*, 600 F.3d at 520; *Strandlund v. Hawley*, 532 F.3d 741, 744–45 (8th Cir. 2008); *Fowler v. Merry*, 468 F.2d 242, 243 (10th Cir. 1972) (per curiam); *Hofmann*, 642 F.3d at 998.

Even if § 1291 does not empower us to review appeals from non-final orders, Kitchen argues that an exception for reviewing orders "dissolving an injunction" saves the appeal. R. 65

at 6; *see* 28 U.S.C. § 1292(a)(1). But this order did not dissolve an injunction. Months before dismissing some of the defendants, it is true, the district court enjoined all twenty-two of them to return Kitchen's legal materials. That injunction was in place at the time of the Rule 21 order, however, and it remains in place today. It bound all of the defendants from the beginning, and it still at least binds the seven remaining defendants, the attorneys, and all "other persons [with knowledge of it] who are in active concert or participation" with them, potentially including the dismissed defendants. Fed. R. Civ. P. 65(d)(2); *see Ex parte Lennon*, 166 U.S. 548, 554 (1897); *Blackard v. Memphis Area Med. Ctr. for Women, Inc.*, 262 F.3d 568, 576 (6th Cir. 2001). Neither the defendants' Rule 21 motion nor the district court's Rule 21 order *mentioned* the injunction, confirming that the court did not dissolve it. *Registry Hotel Corp. v. Shelter Seagate Corp.*, 35 F.3d 566, at *3 (6th Cir. 1994) (unpublished table disposition); *see Hadix v. Johnson*, 228 F.3d 662, 668–69 (6th Cir. 2000).

There is one more reason for not pigeonholing this case into § 1292(a)(1). Even had the court's Rule 21 order "effectively" dissolved the injunction against the dismissed parties, *see McNally v. Pulitzer Publ'g Co.*, 532 F.2d 69, 73 (8th Cir. 1976), we would still lack appellate jurisdiction. After the Supreme Court's decision in *Carson v. American Brands, Inc.*, 450 U.S. 79 (1981), appellate courts have jurisdiction over orders that have "the practical effect" of dissolving an injunction only when the appealing party shows that it will (1) suffer a "serious, perhaps irreparable, consequence" as a result and (2) be unable to challenge the non-final order except by "immediate appeal." *Id.* at 84. Kitchen cannot show either. He suffered no irreparable harm because (a) the injunction remains in effect at least against the remaining defendants in the suit, *see United States v. Wade*, 713 F.2d 49, 52–53 (3d Cir. 1983), and (b) he can seek relief from the dismissed defendants in a new lawsuit, *see Novus Franchising, Inc. v. Dawson*, 725 F.3d 885, 891–92 (8th Cir. 2013). And he can effectively challenge the Rule 21 order after the district court disposes of the whole action. *Hofmann*, 642 F.3d at 998. Section 1292(a)(1), we have held, "carve[s] out only a limited exception to the final judgment rule," *Gillis v. U.S. Dep't of Health & Human Servs.*, 759 F.2d 565, 567 (6th Cir. 1985)—one that does not apply here.

For these reasons, we dismiss the appeal for lack of appellate jurisdiction.