Renec ULYSSE, Michelet Alzime Anivan Cenelian, Harold Courageaux, Paul Delva Pierre Deneus, Ducoeur Dumerlus, Fekel Exantus, Paul Fertil, Joseph Henry, Bertho Jeanty, Frantz Laurent, Alex Mesidor, Jean Mesidor, Wanes Mildor, Jean Baptiste Mondestin, Jean Edy Pierre, Benoit Saingil, Pastel St. Duc, Rones St. Julien, et al., Plaintiffs.

Oragan Aristude, Neifaite Augustin, Chilert Deneus, Yves Remeus, Frandy St. Fort, Rodrique St. Juste, Cheneton Tilor, Plaintiffs–Appellants,

v.

WASTE MANAGEMENT, INC. OF FLORIDA, EEOC, Defendants–Appellees.

No. 14–12070
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

March 7, 2016.

See also, 617 Fed.Appx. 951.

Dedrick D. Straghn, Dedrick D. Straghn, Attorney & Counselor At Law, Delray Beach, FL, for Plaintiffs–Appellants.

Cathy M. Stutin, Candice C. Pinares-Baez, James C. Polkinghorn, Fisher & Phillips, LLP, Fort Lauderdale, FL, Kristen M. Foslid, Equal Employment Opportunity Commission, Miami, FL, for Defendants–Appellees.

Before MARTIN, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM.

This appeal concerns two separate groups of plaintiffs who seek redress from

rulings of the district court in their lawsuit brought against Waste Management, Inc. of Florida alleging national-origin discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a)(1). The first group, which includes Oragan Aristude, Neifaite Augustin, Chilert Deneus, Yves Remeus, Frandy St. Fort, Rodrique St. Juste, and Cheneton Tilor, appeals the dismissal of their claims in this lawsuit. Specifically, these plaintiffs appeal the dismissals (with prejudice) of their individually filed actions, arguing that the district court erred in severing and ordering separate trials for the 79 plaintiffs in the original, jointly filed action. These seven appellants are properly before this Court.

The second group includes 21 other original plaintiffs from the lawsuit below, who seek to have this Court reconsider its prior order dismissing them from this appeal. These appellants are not properly before this Court because they already had an appeal from the final dismissal of their actions with prejudice. After careful consideration, we affirm the district court's ruling as to the first group. We deny the second group's motion for reconsideration of this Court's order dismissing them from the appeal.

## I.

We begin with the first group's appeal of the district court's severance ruling. We review a district court's decision on a motion to sever for abuse of discretion. *Weatherly v. Ala. State Univ.*, 728 F.3d 1263, 1269–70 (11th Cir.2013). We will affirm unless the district court made a clear error of judgment or applied an incorrect legal standard. *Id.* at 1270.

Federal Rule of Civil Procedure 20 provides that "[p]ersons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R.Civ.P. 20(a). The central purpose of Rule 20 is "to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir.2002) (per curiam) (quotation omitted). However, these considerations can also cut in favor of severance. *See id.* For example, Rule 42(b) allows a district court to order separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed.R.Civ.P. 42(b). Similarly, Rule 21 allows a district court to drop a party or sever any claim against a party "on just terms." Fed.R.Civ.P. 21.

We consider several factors when reviewing a district court's decision to order separate trials, including: (1) the number of plaintiffs; (2) the similarity of the plaintiffs' claims; (3) the similarity of the defendants' defenses to the plaintiffs' claims; (4) whether severance would create delay and drain resources; and (5) other courts' success in holding trials with a comparable number of plaintiffs. *See Beckford v. Dep't of Corr.*, 605 F.3d 951, 961–62 (11th Cir.2010). District courts have "broad discretion" in this area, and may grant Rule 42(b) severance to "clarify[ ] the issues." *Harrington v. Cleburne Cty. Bd. of Educ.*, 251 F.3d 935, 938 (11th Cir.2001) (per curiam).

In employment discrimination cases, we have "urged district courts to take a firm hand in ensuring efficient and clear proceedings on claims deserving trial." *Id.* (quotation omitted) (holding that a district court did not abuse its discretion by offering a plaintiff three case-management choices, one of which was holding separate trials on the plaintiff's race and sex discrimination claims). "Submitting [a] morass of claims based on different grounds

of discrimination to a jury could overwhelm or confuse the jury, and separating trials in some way ... is one way of alleviating that confusion." *Id.*

The district court held a hearing on Waste Management's motion to sever. At this hearing, the plaintiffs conceded that they all had different supervisors and would receive different damages if the jury found in their favor. In granting the motion to sever, the district court stated that severance was appropriate because "[c]onducting a trial with seventy-nine Plaintiffs is inefficient, unmanageable, and would severely prejudice Waste Management." The court found that the plaintiffs alleged "different injuries from different supervisors over different time periods" and stated that the "jury's attempted task of keeping straight witnesses, facts, and evidence ... is Herculean if not impossible." The district court did not abuse its discretion in granting the motion to sever based on these considerations.

## II.

We next turn to the second group of 21 appellants who seek reconsideration of this Court's prior order dismissing them from this appeal. This Court generally has jurisdiction to review only "final decisions of the district courts." *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 373, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981) (quotation omitted). This means "a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits." *Id.* at 374, 101 S.Ct. at 673. The dismissal these appellants ask us to reconsider was entered because they "already had an appeal from the final dismissal of their actions with prejudice."

This group of appellants argues that the severance order and the dismissal of their individual complaints after severance are two independently appealable final judgments. That being the case, they

contend that their appeal from the severance order should not have been dismissed based on their earlier appeal of the dismissal of their individual complaints. This argument misreads our decision in *Hofmann v. De Marchena Kaluche & Asociados,* 642 F.3d 995 (11th Cir.2011) (per curiam). In *Hofmann,* we held that "[if] the Plaintiffs file individual complaints in their actions and an adverse final judgment on the merits is ultimately entered, then [an earlier] severance order may be reviewed following final judgment." *Id.* at 998. *Hofmann* does not indicate, however, that plaintiffs may bring separate appeals of the final judgment on the merits and the severance order. Accordingly, the motion for reconsideration is **DENIED.** Waste Management's motion to file an out-of-time response to the motion for reconsideration is also **DENIED** as moot.

**AFFIRMED.**