**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000034
04-MAY-2020
09:42 AM**

NO. CAAP-20-0000034

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

JAMES JONATHON DRISCOLL aka JAMES JONATHAN DRISCOLL;
ALLEN B. ARAKAWA; DEBBIE E. ARAKAWA, Plaintiffs-
Appellees, GEORGE M. KAIMIOLA; and ZILPAH K. KAIMIOLA,
Plaintiffs-Appellants, v. BANK OF AMERICA, N.A.;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., GEORGE
MATIC; MILENA MATIC; ALEKSANDRA O. MATIC; STEVEN MATIC;
SIMON T. NGAN; JILL S.A. NGAN; AMERICAN SAVINGS BANK,
F.S.B.; JASON C. BALBERDI; NAHINU R. FREITAS; THE
FEDERAL SAVINGS BANK, Defendants-Appellees, and DOE
DEFENDANTS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CC191000167(1))

ORDER DISMISSING APPEAL FOR LACK APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Hiraoka and Wadsworth, JJ.)

Upon review of the record, it appears that we lack
appellate jurisdiciton over Plaintiffs-Appellees George M.
Kaimiola and Zilpah K. Kaimiola's (the Kaimiolas) appeal from the
Honorable Rhonda I.L. Loo's January 8, 2020 interlocutory order
granting Defendant/Cross-Claim Defendant/Appellee Bank of
America, N.A. (Bank of America) and Defendant-Appellee Mortgage
Electronic Registration Systems, Inc.'s motion to partially
dismiss the Kaimiolas and Plaintiffs-Appellees James Jonathon
Driscoll (Driscoll), Allen B. Arakawa, and Debbie E. Arakawa's
(the Arakawas) first amended complaint and sever their claims,
because the circuit court has neither resolved all of the

multiple claims in this case nor reduced its dispositive rulings to an appealable final judgment.

An aggrieved party cannot obtain appellate review of a circuit court's dispositive orders in a civil case pursuant to Hawaii Revised Statutes (HRS) § 641-1(a)(2016) until the circuit court reduces the dispositive rulings to an appealable final judgment pursuant to Rules 58 or 54(b) of the Hawaiʻi Rules of Civil Procedure (HRCP).  See Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994).  All of the parties apparently agree that the circuit court has not yet adjudicated and entered a judgment on all of the multiple claims asserted in:

- the Kaimiolas, Driscoll, and the Arakawas' June 17, 2019 first amended complaint,

- Defendant/Cross-Claim Plaintiff/Appellee Jason C. Balberdi Balberdi's September 30, 2019 cross-claim,

- Defendants/Cross-Claim Plaintiffs/Appellees Simon T. Ngan and Jill S.A. Ngan's September 30, 2019 cross-claim,

- Defendant/Cross-Claim Plaintiff/Appellee American Savings Bank, F.S.B.'s October 2, 2019 cross-claim,

- Defendants/Cross-Claim Plaintiffs/Third-Party Plaintiffs/Appellees George Matic, Milena Matic, Aleksandra O. Matic, and Steven Matic's (the Matics) October 25, 2019 cross-claim, and

- the Matics' October 25, 2019 third-party complaint.

Nevertheless, the Kaimiolas assert in their February 20, 2020 statement of jurisdiction that, to the limited extent that the January 8, 2020 interlocutory order severs the Kaimiolas' claims pursuant to HRCP Rule 21, the January 8, 2020 interlocutory order is immediately appealable under the collateral order doctrine and the Forgay doctrine.  Nevertheless, our review of the record and relevant case law reveals that the January 8, 2020 interlocutory

2

order does not satisfy the multiple requirements for appealability under the collateral order doctrine or the <u>Forgay</u> doctrine.  <u>See</u> <u>Greer v. Baker</u>, 137 Hawaiʻi 249, 253, 369 P.3d 832, 836 (2016) (reciting the requirements for appeals under the collateral order doctrine and the <u>Forgay</u> doctrine); <u>Hofmann v. De Marchena Kaluche & Asociados</u>, 642 F.3d 995, 998 (11th Cir. 2011) (holding that the collateral order doctrine does not provide appellate jurisdiction for a severance order issued under Rule 21 of the Federal Rules of Civil Procedure); <u>cf.</u> <u>In re Lieb</u>, 915 F.2d 180, 182–185 (5th Cir. 1990) (holding that a district court's order severing claims and directing that they continue as separate actions in bankruptcy court was not an appealable final order).  Absent an appealable final judgment, we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-20-000034 is dismissed for lack of appellate jurisdiction.

DATED:  Honolulu, Hawaiʻi, May 4, 2020.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge