**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-20-0000289**
**30-JUN-2020**
**09:15 AM**

NO. CAAP-20-0000289

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

DAVID ABEL; KRISTIN ABEL; LIN G. ELDRIDGE, Individually and as Trustee of the Linden Geary Eldridge Trust dated October 30, 1997; STACIE RAY FERREIRA; RICHARD R. GREEN; GREGG C. INOKUMA; ISAAC K. LUI; TRACY N. LUI; and JENNIFER L. POLICH, Plaintiffs-Appellants, v. BANK OF AMERICA, N.A.; MORTGAGE ELECTRONIC REGISTRATIONS SYSTEM, INC.; RON L. LEON and ALBENA R. LEON, Individually and as Trustees of the LEON TRUST dated April 17, 2013; TIMOTHY A. STEWART, II; SANOE M.K. AWAI; BRIAN WIWCHAR; BARBARA WIWCHAR, RICK DUBUC; PENELOPE F. DUBUC; QUINN CICCARELLI; JOSEFA CICCARELLI; PRIMELENDING, A PLAINSCAPITAL COMPANY; JAMES WOESSNER; HIROKO WOESSNER; Defendants-Appellees, and, DOE DEFENDANTS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CC191000234(3))

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Hiraoka and Wadsworth, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over this appeal by Plaintiffs-Appellees David Abel, Kristin Abel, Lin G. Eldridge, Individually and as Trustee of the Linden Geary Eldridge Trust Dated October 30, 1997, Stacie Ray Ferreira, Richard R. Green, Gregg C. Inokuma, Isaac K. Lui, Tracy N. Lui, and Jennifer L. Polich (the Plaintiffs) from the Honorable Kelsey T. Kawano's March 24, 2020 amended interlocutory order granting in part and denying in part

Defendant/Cross-Claim Defendant/Appellee Bank of America, N.A. (Bank of America) and Defendant-Appellee Mortgage Electronic Registration Systems, Inc.'s motion to partially dismiss the Plaintiffs' July 18, 2019 complaint and sever their claims, because the circuit court has neither resolved all of the multiple claims in this case nor reduced its dispositive rulings to an appealable final judgment.

An aggrieved party cannot obtain appellate review of a circuit court's dispositive orders in a civil case pursuant to Hawaii Revised Statutes (HRS) § 641-1(a)(2016) until the circuit court reduces the dispositive rulings to an appealable final judgment pursuant to Rules 58 or 54(b) of the Hawaiʻi Rules of Civil Procedure (HRCP).  See Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994).  The circuit court has not yet adjudicated and entered a judgment on all of the multiple claims asserted in:

- the Plaintiffs' July 18, 2019 complaint,

- Defendants/Cross-Claim Plaintiffs/Third-Party Plaintiffs/Appellees Brian Wiwchar and Barbara Wiwchar's (the Wiwchars) October 17, 2019 cross-claim,

- the Wiwchars' October 17, 2019 third-party complaint,

- Defendants/Cross-Claim Plaintiffs/Appellees Timothy A. Stewart, II, and Sanoe M.K. Awai's October 23, 2019 cross-claim,

- Defendants/Cross-Claim Plaintiffs/Third-Party Plaintiffs/Appellees James Woessner and Hiroko Woessner's (the Woessners) October 29, 2019 cross-claim, and

- the Woessners' October 29, 2019 third-party complaint.

In addition, the circuit court did not enter a final judgment pursuant to HRCP Rule 54(b).  See Oppenheimer v. AIG Hawaii Ins. Co., 77 Hawaiʻi 88, 93, 881 P.2d 1234, 1239 (1994); Jenkins, 76 Hawaiʻi at 120, 869P.2d at 1339.

Nevertheless, the Plaintiffs assert in their June 8, 2020 statement of jurisdiction that the March 24, 2020 amended interlocutory order is immediately appealable under the collateral order doctrine and the Forgay doctrine. However, our review of the record and relevant case law reveals that the March 24, 2020 amended interlocutory order does not satisfy the multiple requirements for appealability under the collateral order doctrine or the Forgay doctrine. See Greer v. Baker, 137 Hawaiʻi 249, 253, 369 P.3d 832, 836 (2016) (reciting the requirements for appeals under the collateral order doctrine and the Forgay doctrine); Hofmann v. De Marchena Kaluche & Asociados, 642 F.3d 995, 998 (11th Cir. 2011) (holding that the collateral order doctrine does not provide appellate jurisdiction for a severance order issued under Rule 21 of the Federal Rules of Civil Procedure); cf. In re Lieb, 915 F.2d 180, 182–185 (5th Cir. 1990) (holding that a district court's order severing claims and directing that they continue as separate actions in bankruptcy court was not an appealable final order). Absent an appealable final judgment, the Plaintiffs' appeal is premature and we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-20-0000289 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, June 30, 2020.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge

3