**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000298
11-SEP-2020
09:41 AM**

NO. CAAP-20-0000298

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


KIMBERLY M. WALLIS; JACK E. McCONNACHIE, JR.; DONNA M. McCONNACHIE; ZENAIDA DALIGCON; FRANCES K. FOSTER; KENDALL E. GOO; LAURA L. GOO; and CYNTHIA J. GREEN, Plaintiffs-Appellants, v. BANK OF AMERICA, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; SHAWN D. COHEN, ROBERTA J. COHEN; TRACIE Y. IBARA; JASON E. BARBER, ALLISON M. BARBER; KAMAAINA MORTGAGE GROUP, INC., GREGORY S. BAXTER, Individually and as Trustee of the Gregory S. Baxter and Montana J. Knightsbridge Living Trust dated July 23, 2015; MONTANA J. KNIGHTSBRIDGE, Individually and as Trustee of the Gregory S. Baxter and Montana J. Knightsbridge Living Trust dated July 23, 2015; FINANCE FACTORS, LIMITED, and DOE DEFENDANTS 1-50,Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5CC191000070)


ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Chan, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over this appeal by Plaintiffs-Appellants Kimberly M. Wallis, Jack E. McConnachie, Jr., Donna M. McConnachie, Zenaida Daligcon, Frances K. Foster, Kendall E. Goo, Laura L. Goo, and Cynthia J. Green (the Plaintiffs) from the Honorable Randal G.B. Valenciano's April 14, 2020 interlocutory order granting in part and denying in part Defendant/Cross-Claim Defendant/Appellee Bank of America, N.A. (Bank of America), and

Defendant-Appellee Mortgage Electronic Registration Systems, Inc.'s motion to partially dismiss the Plaintiffs' June 24, 2019 first amended complaint and sever the Plaintiffs' claims, because the circuit court has neither resolved all of the multiple claims in this case nor reduced its dispositive rulings to an appealable final judgment.

An aggrieved party cannot obtain appellate review of a circuit court's dispositive orders in a civil case pursuant to Hawaii Revised Statutes (HRS) § 641-1(a)(2016) until the circuit court has reduced the dispositive rulings to an appealable final judgment pursuant to Rules 58 or 54(b) of the Hawaiʻi Rules of Civil Procedure (HRCP).  See Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994).  The circuit court has not yet entered a separate judgment on all of the parties' multiple claims asserted in:

- the Plaintiffs' June 24, 2019 complaint,

- Defendants/Cross-Claim Plaintiffs/Appellees Shawn D. Cohen's and Roberta J. Cohen's October 7, 2019 cross-claim,

- Defendants/Cross-Claim Plaintiffs/Appellees Jason E. Barber's and Allison M. Barber's October 16, 2019 cross-claim,

- Defendant/Cross-Claim Plaintiff/Appellee Finance Factors, Limited's October 22, 2019 cross-claim,

- Defendants/Cross-Claim Plaintiffs/Appellees Gregory S. Baxter's and Montana J. Knightsbridge's October 24, 2019 cross-claim, and

- Defendant/Cross-Claim Plaintiff/Appellee Tracie Y. Ibara's November 22, 2019 cross-claim.

In addition, the circuit court did not enter a final judgment pursuant to HRCP Rule 54(b).  See Oppenheimer v. AIG Hawaii Ins. Co., 77 Hawaiʻi 88, 93, 881 P.2d 1234, 1239 (1994); Jenkins, 76 Hawaiʻi at 120, 869 P.2d at 1339.

Nevertheless, the Plaintiffs assert in their July 7, 2020 statement of jurisdiction that the April 14, 2020

interlocutory order is immediately appealable under the collateral order doctrine and the <u>Forgay</u> doctrine.  However, our review of the record and relevant case law reveals that the April 14, 2020 interlocutory order does not satisfy the multiple requirements for appealability under the collateral order doctrine or the <u>Forgay</u> doctrine.  See <u>Greer v. Baker</u>, 137 Hawaiʻi 249, 253, 369 P.3d 832, 836 (2016) (reciting the requirements for appeals under the collateral order doctrine and the <u>Forgay</u> doctrine); <u>Hofmann v. De Marchena Kaluche & Asociados</u>, 642 F.3d 995, 998 (11th Cir. 2011) (holding that the collateral order doctrine does not provide appellate jurisdiction for a severance order issued under Rule 21 of the Federal Rules of Civil Procedure); <u>cf.</u> <u>In re Lieb</u>, 915 F.2d 180, 182–185 (5th Cir. 1990) (holding that a district court's order severing claims and directing that they continue as separate actions in bankruptcy court was not an appealable final order).  Absent an appealable final judgment, the Plaintiffs' appeal is premature and we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-20-0000298 is dismissed for lack of appellate jurisdiction.

DATED:  Honolulu, Hawaiʻi, September 11, 2020.

/s/ Derrick H.M. Chan
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge